PATRICIA W. VANDERBILT, Plaintiff, *v.* CORNELIUS VANDERBILT, JR., Defendant.

Supreme Court, Special Term, New York County, January 14, 1955.

*Monroe J. Winsten* and *Charles J. Raskin* for plaintiff.

*Sol A. Rosenblatt* and *Charles Roden* for defendant.

Di Falco, J.   The first affirmative defense interposed by the defendant to this complaint for a legal separation is the fact that the defendant obtained a final decree of absolute divorce from the plaintiff on June 30, 1953, in the Second Judicial District Court of the State of Nevada, in the County of Washoe. That decree is in evidence.

Plaintiff seeks to impeach the *bona fides* of the defendant's domicile in Nevada, thereby attacking the validity of the Nevada decree.

Under the holdings of the United States Supreme Court in the well-known case of *Williams* v. *North Carolina* (317 U. S. 287) and the line of cases following in accord, including our own Court of Appeals, in the *Matter of Holmes* (291 N. Y. 261) and cases thereafter also in accord, it has been firmly established that a decree of a sister State is entitled to and must be given full faith and credit here, unless the party assailing the validity of such domicile upon which the decree is founded adduces proof sufficient to satisfy the court of this State that such domicile was false and constitutes a fraud upon the decreeing court.

The burden of proof in this respect is upon the person who assails the validity of that decree, and in this case, of course, is upon the plaintiff.

Firmly established is the fact that the validity of the decree being recognized as a valid decree of a court of competent jurisdiction of a sister State, the burden of proof to set this decree aside rests heavily upon the plaintiff.

Plaintiff contends that the defendant has not established a residence of any particular place in any State, but that he established one to suit his own convenience at the moment, and shifted from place to place.

In my opinion the proof presented by plaintiff to disprove the *bona fides* of the defendant's domicile in Nevada upon which his decree is bottomed is totally lacking in probative force and weight. Plaintiff's proof is meager, and has failed to meet the burden of proof required of her to establish by a preponderance of credible evidence that the defendant was not a bona fide resident of the State of Nevada at the time he obtained his decree of divorce there, or that he had not complied with the necessary requirements with respect to the laws of that State.

Implicit in the decree of Nevada is the finding of the jurisdiction of the person and subject matter of the proceeding, the validity thereof, and the compliance of the defendant with all the legal requirements of that State.

Furthermore, the additional testimony and documentary evidence presented now before me on behalf of the defendant establishes his residence and domicile in the State of Nevada for some period in years preceding the obtaining of his divorce there. We have the evidence of his tax returns, voting records for years, automobile registration and the renewals thereof in the State of Nevada, and furthermore of his apartment and business connection there and other businesses, the fact that he resided there before his marriage to the plaintiff, and that he has consistently over the years stated at various times and shown intent that Nevada was his place of domicile.

It is apparent from the proof that many years prior to his marriage to the plaintiff the defendant had planted his " grass roots " in Nevada, and continued this conduct to a great extent even after his marriage, though he led a life of a much and varied traveler in his work and business and other activities.

Upon his break with the plaintiff the defendant returned to his old " stamping ground." This was not a new and strange territory or jurisdiction or a new haven sought for the purpose

of establishing a colorable residence for the securing of a divorce as is claimed by the plaintiff.

Upon the record as it stands before me I find and decide that the plaintiff has failed to factually overcome the presumption of the validity of the defendant's Nevada decree, has failed to present any proof of probative force, and has not met or sustained the burden of proof required.

The first affirmative defense of the defendant, therefore, is a bar to the plaintiff's action for a separation, and, being sustained, the complaint bearing on this issue must be dismissed upon the merits.

In this respect this constitutes the opinion of the court pursuant to section 440 of the Civil Practice Act.

However, pursuant to the provisions of the statute, particularly and specifically section 1170-b of the Civil Practice Act, in cases such as this made and provided, I will take the proof from both parties as to their incomes and earnings and such other information as may be required and pertinent in connection with the issue of maintenance and support to be awarded, if any, to the plaintiff.