REIMER, Respondent, v. REIMER, Appellant.

*April 6—May 5, 1959.*

For the appellant there was a brief and oral argument by *Roman H. Papka* of Milwaukee.

For the respondent there was a brief by *Nathan W. Heller* and oral argument by *Mr. Roland J. Steinle, Jr.,* and *Mr. Heller,* both of Milwaukee.

BROADFOOT, J.   Upon this appeal no questions are raised as to the provisions of the judgment with reference to custody of the children, the division of property, or of the payments directed to be made by the plaintiff for support money and alimony. The defendant contends: (1) That the evidence does not support a finding that cruel and inhuman treatment had been practiced by the defendant wife toward the plaintiff husband; (2) that the plaintiff's cause of action for divorce is barred by the rule of condonation as a result of cohabitation and other condoning conduct on his part; and (3) that the plaintiff husband's own cruel conduct toward the defendant wife bars his right to a divorce under the doctrine of recrimination.

These contentions must be considered in the light of certain fundamental rules that need no citation of authority. Findings of fact by a trial court are not to be set aside unless they are against the great weight and clear preponderance of the evidence. Where there is a dispute in the testimony the trier of the facts is the judge of the weight and credibility to be accorded to the testimony of the witnesses. In reviewing divorce cases this court relies heavily upon the findings by the trial court.

A careful review of the record shows that there is
evidence to support the findings of the trial court as to
cruel and inhuman treatment and that the findings are not
against the great weight and clear preponderance of the evi-
dence. A condensed recital of the testimony by the various
witnesses called will serve no useful purpose. It will be
better for the parties and for their children if this is not
done.

As to the issue of condonation there was also conflict-
ing testimony. The defendant testified that the parties
had marital relations upon one occasion during the pendency
of the action. This was denied by the plaintiff. It is ad-
mitted that the plaintiff gave his wife gifts for Christmas
and on her birthday while the action was pending; that he
paid his wife more than he was directed to pay in the order
fixing temporary alimony; that he bought a second car so
that each of the parties would have one to drive; and that
there were negotiations tending to bring about a reconcilia-
tion. The defendant claims that these acts in themselves
constitute condonation. The trial court determined that the
defendant, who had the burden of proof upon the issue of
condonation, had failed to establish the same as an affirma-
tive defense. There was testimony to support the finding
and we cannot disturb it.

The same may be said about the defense of recrimina-
tion. There was evidence to support the determination of the
trial court on this issue. That the evidence, if viewed in
a light most favorable to the defendant, might sustain a
contrary determination is, of course, immaterial.

The plaintiff failed to file his briefs until April 6, 1959,
the day the case was argued in this court. Based upon that
fact the defendant moved for a reversal of the judgment
under Supreme Court Rules 32 and 35, secs. 251.32, 251.35,

Stats. The motion is denied, but plaintiff is denied costs in this court.

*By the Court.*—Judgment affirmed. No costs to be taxed in this court.