Rosenthal, Appellant, v. Rosenthal, Respondent.

*November 28, 1960—January 10, 1961.*

For the appellant there was a brief by *Rubin, Ruppa &
Wegner* of Milwaukee, and oral argument by *Norman W.
Wegner*.

For the respondent there was a brief and oral argument by
*Harry S. Sicula* of Milwaukee.

HALLOWS, J.   The issue is whether the trial court had
jurisdiction.  If the action is one to compel support by the
husband, personal service on him in Wisconsin is required;
however, if the action is one for legal separation, the juris-
diction of the court may be based upon service on a defendant
outside of the state and by publication of the summons.

Ch. 595, Laws of 1959, made important changes in the
laws governing marriage and divorce.  The new Family Code
became effective January 1, 1960, except for actions affect-
ing marriage commenced prior to that date.  The Family
Code existing on January 1, 1960, governs this case.  Note:
Further important changes in the Family Code were en-
acted by ch. 690, Laws of 1959, which became effective
June 23, 1960.  Reference to sections in this opinion, there-
fore, are to the law as it existed prior to the latter date.
By sec. 247.03, Stats., 28 W. S. A., p. 30 (1960 pocket
part), actions affecting marriage were classified as follows:

(a) To affirm marriage, (b) annulment, (c) divorce, (d) legal separation (formerly divorce from bed and board), (e) compel support by husband. At no place in the statute are the words "separate maintenance" used. Sec. 247.07, 28 W. S. A., p. 32 (1960 pocket part), states the causes of action for which a divorce or legal separation may be granted. Sec. 247.08, 28 W. S. A., p. 35 (1960 pocket part), deals with actions to compel support by the husband.

The summons used in the instant case is ambiguous. It refers to a complaint for separate maintenance and also to one which will allege a cause of action under sec. 247.07, Stats. The plaintiff vigorously argues she intended to commence an action for legal separation. The test is not what the plaintiff intended, but what she did. There is a distinction between separate maintenance and legal separation. Separate maintenance has customarily been used interchangeably with support and sometimes with alimony. *Gilbert v. Hayward* (1914), 37 R. I. 303, 92 Atl. 625; *Dyer v. Dyer* (1937), 212 N. C. 620, 194 S. E. 278; *Matter of Morizzo* (1957), 335 Mass. 251, 139 N. E. (2d) 719; *Vanderbilt v. Vanderbilt* (1955), 207 Misc. 291, 138 N. Y. Supp. (2d) 222; *Snyder v. Lane* (1951), 135 W. Va. 887, 65 S. E. (2d) 483. An action for separate maintenance in some states is similar in purpose and nature to an action in this state to compel support by the husband. *Mitchell v. Mitchell* (1903), 31 Colo. 209, 72 Pac. 1054.

An action to compel support by the husband under sec. 247.08, Stats., is distinctly different from an action for legal separation. The former action is brought against a husband who fails or refuses without lawful or reasonable excuse to provide for the support and maintenance of his wife and minor children. The marital status is unaffected. The refusal or neglect to adequately support a wife when the husband is sufficiently able to do so may be grounds, also, for

either a divorce or a legal separation in which actions the marital status is affected. However, when such grounds are used in an action to compel support by the husband, the marital status is neither dissolved, as in divorce, nor is legal authorization granted to the wife to live separately, as in legal separation. See *Williams v. Williams* (1928), 33 Ariz. 367, 265 Pac. 87; *Renner v. Renner* (1935), 13 N. J. Misc. 749, 181 Atl. 191; 27A C. J. S., Divorce, p. 16, sec. 1.

We believe the reference in the summons to sec. 247.07, Stats., is not determinative of the nature of this action for jurisdictional purposes. If this reference is controlling without considering what kind of action is otherwise stated in the summons, no one would know whether an action for divorce or legal separation was started. Actions for divorce by sec. 247.03, 28 W. S. A., p. 30 (1960 pocket part), means divorce from the bonds of matrimony, or absolute divorce, and jurisdiction of such actions is covered by sec. 247.06, 28 W. S. A., p. 32 (1960 pocket part). However, jurisdiction of actions for legal separation is covered by sec. 247.05, 28 W. S. A., p. 31 (1960 pocket part), and for actions to compel support by sec. 247.065, 28 W. S. A., p. 32 (1960 pocket part). The plaintiff argues this ambiguity in the summons is clarified by reference to the petition which states the action was one for divorce from bed and board forever. This language is no longer used in the new Family Code. The proper designation is legal separation. The petition had for its purpose the securing of an order restraining the defendant from making an assignment of his stock in the Rosenthal Investment Company and enjoining the other impleaded defendants from transferring any assets of the defendant under their control. The order, however, did not restrain the defendant; it restrained only the impleaded defendants. No question was raised in the court below or on

this appeal of the validity of attempting such an order upon a petition in this type of case, and we do not pass on the question.

It is urged that the form of the summons complies with sec. 247.081, Stats., 28 W. S. A., p. 35 (1960 pocket part), for the commencement of an action for divorce or legal separation, and no complaint was served with the summons in compliance with that section and, therefore, the action was for legal separation. Sec. 247.081, providing for the form of the summons, requires it to specify whether the action is for divorce or for legal separation. This was not done. The form of the summons and the method in which actions affecting marriage may be served now have been changed.[1]

We believe the trial court was correct in holding that the fair import of the summons was to start an action to compel support by the defendant husband under sec. 247.03 (1) (e), Stats., 28 W. S. A., p. 30 (1960 pocket part), and not an action for legal separation under sec. 247.03 (1) (d).

The second argument of the plaintiff is that the court should have allowed her to amend the summons. The weakness of this argument is it assumes the court had jurisdiction. It is true if the trial court had jurisdiction of the defendant, then by sec. 269.44, Stats., 31 W. S. A., p. 550, it may in the interest of justice amend the process. A summons has been held to be within the broad meaning of the word "process." *Tarczynski v. Chicago, M., St. P. & P. R. Co.* (1952), 261 Wis. 149, 52 N. W. (2d) 396. The plaintiff cites *Westport v. Madison* (1945), 247 Wis. 326, 19

---

[1] Chs. 595 and 690, Laws of 1959. The summons for divorce or legal separation no longer refers to sec. 247.07, Stats. See sec. 247.066. For method of service in and without the state, see secs. 247.061 and 247.062, addendum in 1959 Stats., Vol. 2.

N. W. (2d) 309, for the rule that a summons is only a notice of a proposed action and differs in nature and effect from a writ procured from the court and may therefore be amended if there are minor errors which are supplied by the complaint. Ordinarily, service is not invalidated by a minor error in the summons. But that is not the situation. Here, the jurisdiction of the court must be determined by the nature of the summons because no complaint was served. We do not consider the *Westport Case* authority for giving a court jurisdiction but for the proposition that a court, having jurisdiction by proper service, could correct nonjurisdictional errors in the summons. A court cannot acquire jurisdiction of an action by amending a process in order to give it such jurisdiction. Because this action was one for support, which required personal service on the defendant in Wisconsin to sustain jurisdiction, the court cannot amend the summons to create an action for legal separation based upon service of the summons on the defendant outside the state and publication.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., dissents.