CHASE, Appellant, v. CHASE, Respondent.

*May 1—June 4, 1963.*

260

262

For the appellant there was a brief and oral argument by *Douglas Nelson* of Madison.

For the respondent there was a brief and oral argument by *Edward Nager* of Madison.

DIETERICH, J. We are considering the instant action as an appeal from the judgment as modified on July 25, 1962.

Therefore, the first issue to be determined is whether the trial court has power to retroactively modify the judgment of legal separation to one of absolute divorce.

Divorce in this state is a statutory proceeding and for this reason the issues on this appeal must be determined from the statutes themselves.

The causes for divorce or legal separation are the same.[1] But they are considered separate actions[2] and each has its own "kind of judgment."[3] Despite this fact the trial court has the power to grant either an absolute divorce or a legal separation on an action for either. They are both indivisible portions of the one action.[4] Sec. 247.09, Stats., provides:

"POWER OF COURT IN DIVORCE AND LEGAL SEPARATION ACTIONS. When the court grants a judgment in any action for divorce or legal separation the kind of judgment granted shall be in accordance with the demand of the complaint or counterclaim of the prevailing party, except that a divorce or legal separation may be adjudged regardless of such demand whenever the court finds that it would not be in the best interest of the parties or the children of the marriage to grant such demand and also states the reason therefor. Conscientious objection to divorce shall be deemed a sufficient reason for granting a judgment of legal separation if such objection is confirmed at the trial by the party making such demand."

[1] Sec. 247.07, Stats.
[2] Sec. 247.03, Stats.
[3] Sec. 247.09, Stats.
[4] *Ellis v. Ellis* (Mo. 1953), 263 S. W. (2d) 849.

In a similar vein, sec. 247.37 (2), Stats., provides for modification of a judgment of divorce:

"So far as said judgment affects the marital status of the parties the court has the power to vacate or modify the same for sufficient cause shown, upon its own motion, or upon the application of either party to the action, at any time within one year from the granting of such judgment, provided both parties are then living. . . ."

We determine that where, as in the instant action, the trial court, based upon the evidence, grants a legal separation and later upon application of the defendant within the year from the granting of that judgment modifies the original judgment so as to provide for an absolute divorce, such judgment as modified cannot be made retroactive under authority of the statutes. The trial court has only the finite power to modify prospectively. Therefore, the appeal from the judgment is timely because the effective date of the modified judgment is July 25, 1962.[5]

The second issue to be determined is whether the trial court has power to change the judgment of legal separation to one of absolute divorce.

The trial court found that good cause had been shown by Forrest Chase to reconsider the decision and judgment of legal separation. Sec. 247.37 (2), Stats., requires "sufficient cause." The general rule is that the findings of a trial court must be affirmed unless contrary to the great weight and clear preponderance of the evidence. In reviewing divorce cases, this court relies heavily upon the findings by the trial court. *Reimer v. Reimer* (1959), 7 Wis. (2d) 146, 96 N. W. (2d) 375.

---

[5] Sec. 247.37 (4), Stats. "Such judgment [judgment of divorce] or any provision of the same may be reviewed by an appeal taken within one year from the date when such judgment was granted. . . ."

A legal separation was granted initially in this action presumably for the reason that Margaret Chase testified that she desired that remedy for religious reasons, or in the words of the statute, conscientious objection.

Sec. 247.085 (4), Stats., requires that conscientious objection to divorce be stated in the complaint. It was not so stated in the complaint to this action. Sec. 247.09 states further that such objection be confirmed at the trial by the party making such demand. Since conscientious objection to divorce as a ground for granting a legal separation was not stated in the complaint such ground is of no effect in this action.

The trial court in its findings of fact, upon which it founded the granting a judgment of absolute divorce, stated:

". . . The court, in making such amended findings of fact has given consideration to the following:

"(a) The age of the parties hereto.

"(b) The lack of any substantial evidence pointing to any possibility of any reconciliation.

"(c) Remarriage by one or the other or both parties could be in the best interest of one or both of the parties or their children.

"(d) That each party still would be free to follow their own conscience or religious convictions as to whether or not to remarry in the future."

These findings are supported by the evidence. No reconciliation had taken place in a period of almost one year, nor does the evidence support the proposition that a reconciliation would be possible.

*By the Court.*—The judgment is modified by striking the provision that it is retroactive to the date of the judgment of legal separation and, as so modified, is affirmed. Respondent may tax costs in this court.

HALLOWS, J. (*dissenting*). The trial court granted a judgment of legal separation, the relief prayed for in the complaint. This was required of the court unless it found to do so would not be in the best interests of the parties or the children of the marriage and stated the reason therefor. Sec. 247.09, Stats. To vacate or modify such judgment, sufficient cause must be shown. Sec. 247.37 (2). I find none in the facts.

At the time of the granting of the judgment, the trial court had all the facts and the recommendation of the family court commissioner. Nothing new was later presented to modify the judgment excepting that no reconciliation took place up to that time. The three other reasons, *i.e.*, age of the parties, remarriage could be in the best interests of one or both of them or of their children, and each party was still free to follow religious convictions concerning remarriage, all existed at the time of the granting of the legal separation. Sufficient cause in sec. 247.37 (2), Stats., means cause not existing or unknown at the time of the judgment. I do not understand a court can grant a legal separation for a trial period and one day before it loses its power to modify the judgment grant an absolute divorce because a reconciliation has not taken place. Under such an interpretation of the statutes and on the reasons given for the modification of this judgment, no purpose exists for the statute providing for legal separation.

This case is especially indicative of the erosion of public opinion concerning divorces and their disastrous economic and social effect on the fabric of our society and the tragedy and hardship they cause to the innocent party and the children involved. Here, the defendant obtained an agreement from his wife not to sue the other woman for criminal conversation or alienation of affections. Upon this security he defaulted and allowed a complaint charging adultery and cruel and inhuman treatment to go against him. On

the eve of the finality of the judgment, the defaulting defendant, who was married twice before, applied to the court to modify the judgment to an absolute divorce, affirming under oath in effect that his weakness of flesh, blood, and nature might cause some other woman to become pregnant and he did not desire to have his children, now in the custody of the plaintiff, exposed to that possibility or himself to be unable to give a proper name to a child he illegally and illegitimately begot. This, in essence, is the defendant's "sufficient cause."

The stability of the family which our laws seek to encourage and protect, aside from any moral implications in a divorce, is not enhanced by the modification of the judgment upon such a request by the defendant. Logically, if reconciliation was the goal and the reason for the judgment of legal separation, leaving it unmodified would more likely produce that result. When one is not legally permitted to roam the highways and byways in search of another mate, he may be more satisfied to make sacrifices and to appreciate the one he has. Marriage today seems not to be for better or worse but only for so long as the better lasts. This is a tragedy of our contemporary civilization.

As an epilogue, there is attached to the defendant's brief a marriage certificate showing the defendant's marriage (his fourth) to "the other woman" approximately six months after the modification of the judgment.

I am authorized to state Mr. Chief Justice BROWN and Mr. Justice WILKIE concur in the above dissent.