STANLEY A. DUNN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7488–77. Filed May 30, 1978.

Stanley A. Dunn, pro se.
*Rogelio A. Villageliu,* for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1974 in the amount of $99.64. The issue for decision is whether petitioner is entitled to file his return for the calendar year 1974 as a single person or is required to file as a married person filing a separate return.

All of the material facts have been stipulated and are found accordingly.[1]

Petitioner is an individual who lived in Madison, Wis., at the time of the filing of his petition in this case. He filed a Federal

___

[1] The only testimony was petitioner's testimony that from 1944 until 1958 his tax returns were not investigated by the Internal Revenue Service, but since 1958 when he "found the New Jersey District Director in a gross mishandling of my account" his returns have been investigated on numerous occasions, and his further testimony that he lived 80 miles from Milwaukee and it cost him approximately $100 to come to Milwaukee for the trial of his case.

income tax return for the calendar year 1974 checking his filing status as "single" and computing his tax accordingly.

On January 28, 1974, Elinor B. Dunn, who was then petitioner's wife, filed a petition seeking a divorce from petitioner in the County Court, Family Court Branch of Jefferson County, Wis. In this petition she alleged that she had insufficient funds to carry on the action and to support herself and the minor child of the parties, and further that she believed that the defendant was likely to interfere with her personal liberty and her custody of their minor child and to come upon the premises occupied by her as a home unless restrained by an order of the court. She therefore prayed that a hearing be held and a temporary order entered pursuant to the provisions of section 247.23, Wisconsin Statutes, providing as follows:

a. Defendant pay a reasonable sum for temporary alimony and for the support of the minor child and a reasonable sum to enable petitioner to maintain this action.

b. Defendant be prohibited from imposing any restraint upon petitioner or the minor child of the parties and from disposing of or encumbering any of his property or removing the same out of the state.

c. For such further order as the Court or Family Court Commissioner may deem just and reasonable under the circumstances.

On the same day that the petition was filed the court issued an order requiring petitioner to show cause why the temporary order requested by his wife should not be granted, and restraining him from imposing any restraints upon his wife's liberty, or disposing of or encumbering or removing out of the State any property, or entering on the premises occupied by his wife pending a hearing on the order.

On March 29, 1974, a temporary order was issued by the court requiring petitioner to pay alimony to his wife and child support for his child, and to pay fees to his wife's attorney, and providing that the property of the parties or the enjoyment thereof remain as it presently was. The order further provided:

5. PROPERTY RESTRAINTS: Neither party shall sell, encumber or conceal any property in his possession without permission of the Court.

6. PERSONAL RESTRAINTS: Neither party shall threaten or interfere with the liberty of the other or with the rights of the custodian.

7. Defendant shall be responsible for the debts of the parties incurred prior to the separation of the parties.

On April 3, 1974, Elinor B. Dunn, by her attorneys, filed a

complaint in which she alleged in paragraphs 1 through 6 the general jurisdictional requirements in seeking a divorce, and further alleged as follows:

7. The plaintiff herein is a fit and proper person to have the custody of the minor child of the parties.

8. No action for divorce, legal separation or annulment by either of the parties hereto against the other has been commenced at any time, or is pending in any other court or before any judge thereof, in this state or elsewhere.

9. Neither of the parties has been previously divorced except as follows: Defendant was divorced in 1957 in Reno, Nevada.

10. This action is not brought by reason of any fraud or collusion between the parties hereto.

11. This action is based on the cause of action stated in Section 247.07(1) and 247.07(4) of the Wisconsin Statutes, specifically: Adultery by the defendant and cruel and inhuman treatment of the plaintiff by the defendant by means other than personal violence, and by personal violence said cruel and inhuman treatment being unreasonable and unwarranted rendering the parties incapable of performing their marital duties and having a detrimental effect on the mental and physical health of the plaintiff.

In this petition Mrs. Dunn sought a divorce from petitioner, custody of the minor child, an award of alimony and support money, division of the estate, and payment by petitioner of her attorney's fees. Petitioner filed an answer and counterclaim to Mrs. Dunn's petition in which he denied the allegations made in paragraphs 7 and 11 of the complaint, and in the counterclaim alleged as follows:

1. That the defendant realleges paragraphs 1, 2, 3, 4, 5, 6, 8, 9, and 10 of the plaintiff's complaint as though set forth in full herein.

2. That the grounds for this counterclaim are cruel and inhuman treatment of the defendant by the plaintiff.

3. That the defendant is a fit and proper person to have the care, custody, and control of the minor child of the parties.

In this counterclaim petitioner sought a divorce from Mrs. Dunn.

On January 29, 1975, the judge of the Jefferson County Court entered a memorandum providing for division of the properties of Mrs. Dunn and petitioner, custody of the minor child of petitioner and Mrs. Dunn to be granted to Mrs. Dunn, and alimony and child support to be paid by petitioner. On June 12, 1975, the judge of the County Court for Jefferson County entered a Findings of Fact and Conclusions of Law reciting that the action had come on for hearing on January 6, 1975, giving the background of the action and finding that —

The Family Court Commissioner has certified that a reconciliation effort has been made, which certification has been filed and entered in the record book; and he has made a fair and impartial investigation of the case and has fully advised the court as to the merits of the case and the rights and interests of the parties and the public, and the efforts made toward reconciliation.

The court further found that both of the parties are fit and proper persons to have the care, custody, and control of the minor child of the parties, and that —

No action for divorce, legal separation or annulment by either of the parties hereto against the other has been commenced at any time, or is pending in any other court or before any judge thereof, in this state or elsewhere, * * *

The Conclusions of Law stated in part as follows:

1. The plaintiff is entitled to a judgment of divorce from the defendant upon the grounds of cruel and inhuman treatment.

2. Said judgment of divorce shall be subject to the following statutory restrictions:

(a) So far as it affects the marital status of the parties, said judgment shall not be effective until the expiration of six (6) months from the date of the granting thereof, except that it shall immediately bar the parties from cohabitation together and except that it may be reviewed on appeal during said six month period. But in case either party dies within said period, such judgment, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death.

(b) Neither of the parties to this action shall marry again until six months after the granting of said judgment on the 6th day of January, 1975, and the marriage of either of the parties to this action attempted before the expiration of six months from the date of the granting of this judgment shall be null and void.

Also on June 12, 1975, the County Court, Family Court Branch, Jefferson County, Wis., entered a judgment of divorce which, insofar as here pertinent, provided as follows:

1. That the bonds of matrimony heretofore subsisting between the plaintiff, Elinor B. Dunn, and the defendant, Stanley A. Dunn, be and the same are hereby dissolved; provided, however, that said judgment so far as it affects the marital status of the parties shall not be effective until the expiration of six (6) months from the date of the granting of said judgment, except that it shall immediately bar the parties from cohabitation together and except that it may be reviewed on appeal during said period. But in case either party dies within said six month period, such judgment, unless vacated or reversed, shall be deemed to have entirely severed the marriage relation immediately before such death.

2. Neither of the parties to this action shall marry again until six (6) months after the granting of said judgment on the 6th day of January, 1975, and the marriage of either of the parties to this action attempted before the expiration

of six months from the date of the granting of this judgment shall be null and void.

Respondent in his notice of deficiency determined that petitioner was not entitled to file as a single person because he was legally married at the end of 1974. Respondent accordingly recomputed petitioner's tax liability on the basis of a married individual filing a separate return.

Section 1(c), I.R.C. 1954,[2] imposes at the rate specified therein a tax on every individual, other than a surviving spouse, who is not a married individual as defined in section 143. Section 143[3] provides that the determination of whether an individual is married shall be made at the close of his taxable year, and that "An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married." Section 1.143-1(a), Income Tax Regs., which we specifically approved in *Donigan v. Commissioner*, 68 T.C. 632, 634 (1977), states that "an individual shall be considered as married even though living apart from his spouse unless legally separated under a decree of divorce or separate maintenance."

In *Capodanno v. Commissioner*, 69 T.C. 638 (1978), we recognized that whether a taxpayer is legally separated under the provisions of section 143(a)(2) so as to be entitled to file his return as an unmarried individual under section 1(c) depends upon the law of the State of the marital domicile of the parties. In the *Capodanno* case, at pages 647–649, we concluded that under the laws of New Jersey which was the marital domicile of

---

[2]All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise so stated.

[3]SEC. 143. DETERMINATION OF MARITAL STATUS.

(a) GENERAL RULE.—For purposes of this part—

(1) The determination of whether an individual is married shall be made as of the close of his taxable year; except that if his spouse dies during his taxable year such determination shall be made as of the time of such death; and

(2) An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.

(b) CERTAIN MARRIED INDIVIDUALS LIVING APART.—For purposes of this part, if—

(1) an individual who is married (within the meaning of subsection (a)) and who files a separate return maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent (A) who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the individual, and (B) with respect to whom such individual is entitled to a deduction for the taxable year under section 151,

(2) such individual furnishes over half of the cost of maintaining such household during the taxable year, and

(3) during the entire taxable year such individual's spouse is not a member of such household, such individual shall not be considered as married.

the parties there involved, a separate maintenance decree did not effectuate a legal separation of the parties. The holding in the *Capodanno* case is in accord with a number of decisions of this Court recognizing that whether an individual is "married" is, for purposes of the tax laws, to be determined by the law of the State of the marital domicile. See *Eccles v. Commissioner*, 19 T.C. 1049 (1953), affd. per curiam 208 F.2d 776 (4th Cir. 1953); *Deyoe v. Commissioner*, 66 T.C. 904, 913 (1976), and cases there cited.

Here Wisconsin was the State of the marital domicile of petitioner. The only order which had been issued by any court of the State of Wisconsin with respect to petitioner's marital status prior to the end of 1974 was the temporary order issued by the County Court of Jefferson County on March 29, 1974, requiring petitioner to pay alimony and child support and restraining each party from selling or encumbering any property or threatening or interfering with the liberty of the other. Therefore, for petitioner to be entitled to file his 1974 return as an unmarried individual, this temporary order would have to effectuate a legal separation of the parties under Wisconsin law.

Section 247.23, Wisconsin Statutes Annotated, provides for temporary orders for support of spouse and children, for suit money, and for attorney's fees.[4] Section 247.23, Wisconsin

---

[4]247.23 Temporary orders for support of spouse and children; suit money; attorney's fees

(1) * * * *Except as provided in ch. 822, in* every action affecting marriage, the court or family court commissioner may, during the pendency thereof, make such temporary orders concerning the care, custody and suitable maintenance of the minor children, requiring either party to pay such sums for the support of the other party and enabling the other party to carry on or defend the action, and requiring either party or both to pay such sums for the support of the minor children, and in relation to the persons or property of the parties as in its discretion shall be deemed just and reasonable in light of all circumstances, including the incomes and estates of the parties, and may prohibit either spouse from imposing any restraint on the personal liberty of the other. The award of custody of a child under this subsection shall give to the custodian: a) the power and duty to authorize necessary medical, surgical, hospital, dental, institutional or psychiatric care for such child where there is no existing guardian for the child appointed under ch. 48 or 880; and b) the right to give or withhold consent for such child to marry under §.245.02(2), in addition to the consent of the parents or guardian of such child required therein. Any such order may be based upon the written stipulation of the parties, subject to the approval of the family court commissioner or the court.

(2) Notice of motion for an order or order to show cause under sub. (1) may be served at the time the action is commenced or at any time thereafter. If the action is commenced by service of a summons without the complaint, the relief sought shall be based upon an affidavit of the party seeking the relief; the affidavit shall not set forth any of the grounds for divorce or any details which form the basis for such grounds, but shall state only that it is necessary and for the best interests of the affiant and any minor children of the parties that the relief specified in the affidavit be granted.

(3) Upon making any order for dismissal of an action affecting marriage or for vacation of a judgment theretofore granted in any such action, the court shall prior to or in its order render and grant separate judgment in favor of any attorney who has appeared for a party to such action and in

Statutes Annotated, was the section under which Mrs. Dunn sought alimony, child support, and attorneys' fees from petitioner. This section makes no provision for the issuance of a decree of legal separation. In fact, the language of the section which empowers the court or family court commissioner "during the pendency" of an action affecting a marriage to "make such temporary orders concerning the care, custody and suitable maintenance of the minor children" and for other matters affecting the parties clearly indicates that an order under this section is only a "temporary order" dealing with the support of a party or a child, the custody of a child, or other matters which the court considers should be temporarily provided for until such time as a final disposition of the case is made by denying or granting a divorce or a legal separation.

Section 247.03(1)(c) of the Wisconsin Statutes Annotated provides for an action for "Divorce" and section 247.03(1)(d) provides for an action for "Legal separation (formerly divorce from bed and board)." Section 247.03(3) provides that divorce "means divorce from the bonds of matrimony or absolute divorce, when used in this chapter." Section 247.09[5] defines the power of the court in divorce and legal separation actions. This section provides that when the court grants a judgment in any action for divorce or legal separation the kind of judgment granted shall be in accordance with the demand of the complaint or counterclaim of the prevailing party, except that a divorce or legal separation may be adjudged regardless of such demand whenever the court finds that it would not be in the best interests of the parties or the children of the marriage to grant such a demand and states the reasons therefor.

Under the Wisconsin Statute the provision for temporary orders for the support of the parties and their children and disposition of property during the pendency of a divorce

---

favor of any guardian ad litem for a party or a child for the amount of fees and disbursements to which such attorney or guardian ad litem is, in the court's judgment, entitled and against the party responsible therefor.

[5]247.09 Power of court in divorce and legal separation actions

When the court grants a judgment in any action for divorce or legal separation the kind of judgment granted shall be in accordance with the demand of the complaint or counterclaim of the prevailing party, except that a divorce or legal separation may be adjudged regardless of such demand whenever the court finds that it would not be in the best interests of the parties or the children of the marriage to grant such demand and also states the reason therefor. Conscientious objection to divorce shall be deemed a sufficient reason for granting a judgment of legal separation if such objection is confirmed at the trial by the party making such demand.

proceeding is not dependent on a final disposition of the case. Such an order does not affect the marital status of the parties and in fact it appears from the Findings of Fact and Conclusions of Law entered by the County Court on June 12, 1975, that after the entry of the temporary order on March 29, 1974, efforts were made toward reconciliation of the parties. Section 247.081, Wisconsin Statutes Annotated, specifically requires efforts to effect a reconciliation and a waiting period for trial of an action for divorce or legal separation to allow time for such efforts.

In *Chase v. Chase*, 20 Wis.2d 258, 122 N.W.2d 44 (1963), the court pointed out that although the causes for divorce and legal separation are the same, they are considered separate actions and each has its own kind of judgment. The only action which was ever brought in this case by either party was an action for divorce. Therefore, under section 247.09, Wisconsin Statutes Annotated, quoted in note 5, the court would not have been empowered to enter a decree of legal separation since neither party sought such a decree without making a finding that such a decree would be in the best interests of the parties or the children of the marriage and stating the reasons for making this finding. See *Rosenthal v. Rosenthal*, 12 Wis.2d 190, 107 N.W.2d 204, 206 (1961), in which the court points out that an action to compel support under section 247.08 is "distinctly different from an action for legal separation." A temporary order for support during the pendency of a divorce proceeding is more in the nature of an order for support and like such an order for support "The marital status is unaffected."

On the basis of this record we conclude that petitioner was not "legally separated" from Mrs. Dunn at the end of 1974 as required by section 143(a)(2) in order for him to be considered as an unmarried individual under section 1(c).

Petitioner argues that by a layman the temporary order entered March 29, 1974, would be considered to constitute a legal separation since it provided that "defendant shall be responsible for the debts of the parties incurred prior to the *separation* of the parties." (Emphasis supplied.) He states this argument as follows:

4. Petitioner was *separated* from his then wife during 1974, the tax year in question by documents which were *legal* and which were backed up by legally constituted Wisconsin State authority, a *legal separation* * * *

5. C. F. Kading, Judge, who issued the legal orders, indicated in the

preceding Item No. 4, referred to the resulting status existing between Petitioner and his then wife as "separation," * * *

Petitioner argues that the explanation of "filing status" supplied with the Form 1040 would lead an ordinary layman to conclude that he was entitled to file as an unmarried individual when an order such as that of March 29, 1974, had been entered. The portion of the instructions accompanying the return to which petitioner specifically refers states as follows:

> Were you Married or Single?—If you were married on December 31, consider yourself married for the whole year. If you were single, divorced, or legally separated on December 31, consider yourself single for the whole year. * * *

While it may be that some individuals would not understand the difference between being "separated" from their spouse and being "legally separated" from their spouse, the law itself is clear that in order to be considered an unmarried individual, a taxpayer must be "legally separated" from his spouse "under a decree of divorce or of separate maintenance." Certainly petitioner in this case was not unaware that he and his wife were still married under Wisconsin law at the end of 1974. He must have been aware that the temporary order merely made temporary provision for the items covered therein, since he, on approximately April 25, 1974, filed an answer and counterclaim to Mrs. Dunn's complaint seeking a divorce, in which he sought a divorce from Mrs. Dunn and custody of their minor child. In his counterclaim he adopted the allegation made in Mrs. Dunn's complaint that "no action for divorce, legal separation or annulment by either of the parties hereto against the other has been commenced at any time, or is pending in any other court or before any judge thereof, in this state or elsewhere." Had petitioner already been "legally separated" under Wisconsin law, it would have been encumbent on him to so explain in his counterclaim.

Petitioner's only other argument is that his tax returns have been picked for investigation an excessive number of times. From a review of the documents in the file it appears that the numerous investigations of petitioner's Federal tax returns concerned a recurring problem of whether petitioner had contributed more than half of the support of certain claimed dependents. In our view the record here totally fails to show any

discrimination against petitioner in the investigations of his returns.

*Decision will be entered for the respondent.*