Arthur D. Brennan, J.
The plaintiff brings this action for a judgment declaring that she is the lawful wife of the defendant and that the foreign divorce obtained by the defendant in the State of Arkansas is invalid and of no force and effect.
The parties were married in this State on April 30,1923. The issue of the marriage consisted of a son and daughter, who are now adults. The parties lived together until December of 1942. They entered into a separation agreement in February of 1943. On July 15, 1947, the plaintiff wife recovered a judgment *847 against the defendant in the City Court of Yonkers, New York, for the sum of $1,311.35, said judgment being based on arrears which remained unpaid under the said agreement; this judgment was not satisfied until May of 1955. In the early part of October, 1947, the defendant left this State and went to Arkansas, where he had not previously resided. He arrived at Little Bock in that State and there resided, for the first 8 or 9 days, in a hotel; then he moved to one furnished room (in that city) where he lived for about 5 months; and then he lived in another furnished room (in that city) for about 12 additional months. After being in Arkansas for a total of about 17 months, he came to New Jersey in April of 1949; and after 6 months in that State, he returned to and has since resided in this State. While in Arkansas, he returned to Yonkers on at least 2 occasions; the first of these visits occurred in December of 1947 and the other visit was in March of 1948.
Under the laws of the State of Arkansas (Ark. Stats. [1947], tit. 34, ch. 12, § 34.1208) a plaintiff in a divorce action must reside in that State for at least two months next preceding the commencement of the action. It appears that the defendant herein arrived at Little Bock, Arkansas, on October 3, 1947. On December 6, 1947, said defendant signed and swore to an affidavit for a ‘‘Warning Order ” in an action for a divorce instituted by him in the courts of that State. Said action was commenced on December 12, 1947. The plaintiff in the case at bar was never served personally in that State nor did she appear in or defend said action. On December 13, 1947, this defendant sent a registered letter to the plaintiff herein notifying her that he had instituted the said divorce action in Arkansas and that pursuant to the terms of the aforesaid separation agreement he was terminating said agreement. He obtained his decree on March 18, 1948.
From the evidence in this case, it also appears: that the defendant husband was not regularly employed in the State of Arkansas; that he did not vote in that State in 1948 (in which year a presidential election was held); that he maintained no bank account in that State; and that although he had no friends or close relatives there, he did not become a member of any fraternal, social or religious organization or group in that State. At the time he left for Arkansas, he resided as a roomer in certain premises (in Yonkers) which were also occupied by a woman in whose automobile he left for Arkansas and with whom, after his return to the State of New York, he acquired title to real estate in his and her name, as husband and wife. It may also be observed that when the defendant *848 left Yonkers, he was a member of the local union of operating engineers. This membership was never terminated and the defendant offered no corroborating evidence in support of his explanation (of the nontermination of said membership in the Yonkers local) to the effect that transfers of membership were not accepted or permitted by the union.
On a prior appeal in this action, the Appellate Division (1 A D 2d 833) held that the only question to be determined by the trial court is whether the defendant’s domicile and bona fide residence was in the State of Arkansas and that the burden of overthrowing the apparent jurisdictional validity of the defendant’s foreign decree by disproving his intention to establish a domicile in that State is solely on the plaintiff. The defendant contends that the plaintiff has failed to meet the aforesaid burden of proof east upon her. Indeed, he urges that his domicile in Arkansas was established in good faith. In support of his said claim, he asserts: that he went to Arkansas for relief from arthritis; that he filed his Federal income tax returns for the years 1947 and 1948 in that State; that he applied for and received unemployment insurance compensation in that State; that on January 7, 1948, he made written application for and received a driver’s license in that State; that while residing in Arkansas he did not visit in New York on more than two occasions; and that he did not return to this State immediately following the decree which he obtained in March of 1948.
With respect to the defendant’s claim of ill health, it is to be noted that he was not under a doctor’s care while in Arkansas, but he worked as a crane operator in that State on all occasions when such work was available. With respect to the filing in that State of his income tax returns and his procuring a driver’s license on the basis of a residence in Arkansas, it seems clear that mere formal declarations to tax authorities and others, unaccompanied by facts consistent therewith, are insufficient to sustain a contention of a change of domicile. (Gilbert v. David, 235 U. S. 561; Texas v. Florida, 306 U. S. 398; Matter of Benjamin, 176 Misc. 518.)
From a consideration of all of the evidence in this case and the reasonable inferences to be drawn therefrom, this court is of the opinion that the plaintiff has sustained the burden of proof herein. It cannot be doubted that this defendant was anxious to divest himself of the plaintiff from whom he had been separated for about five years and whom he was obligated and had agreed to support. The fact that he had not previously resided in Arkansas, his interest in the woman who later pur *849 ported to be Ms wife, the alacrity with which he commenced Ms divorce action in Arkansas and his prompt service of the letter wherein he sought to terminate the above-mentioned separation agreement, together with the above-described nature and extent of his activities in that State, all constitute factors which merit serious consideration on the integrity and honesty of his professed domiciliary intentions. (Cf. De Luca v. De Luca, 284 App. Div. 987; Vanderbilt v. Vanderbilt, 207 Misc. 291, affd. 1 A D 2d 3, affd. 1 N Y 2d 342.) It is this court’s view that the defendant’s change of abode to Arkansas was not accompanied by a bona fide intention to make Arkansas his home, either permanently or at least for an indefinite or unlimited length of time. In this court’s opinion, his sojourn to and in Arkansas was for the special and temporary purpose of obtaining a divorce and freeing himself of his obligations under the then existing separation agreement. In these circumstances, this court finds that Ms alleged domicile in Arkansas was simulated and not real. (Matter of Newcomb, 192 N. Y. 238; Matter of Johnson, 259 App. Div. 290, affd. 284 N. Y. 733; Matter of Bourne, 181 Misc. 238, affd. 267 App. Div. 876, affd. 293 N. Y. 785; Williams v. North Carolina, 325 U. S. 226.) Further, this court finds that the defendant’s continued presence in the State of Arkansas for about 12 months following the divorce decree was indulged in by the defendant in order to give color to his aforesaid simulated domicile and for no other purpose.
Accordingly, a declaratory judgment in favor of the plaintiff may be entered. The plaintiff is awarded a further allowance of counsel fees in the sum of $400.
The foregoing constitutes the decision of tMs court pursuant to section 440 of the Civil Practice Act. The proposed findings and conclusions of the defendant have been passed upon. Settle judgment on notice.