Jacob Lutsky, J.
This is a proceeding to vacate an order of support.
On April 29, 1965, a temporary order of $10 per week for support of petitioner was made.
On May 27, 1965, after a finding on a means basis, the temporary order was made final and, in addition, respondent was ordered to pay Blue Shield and Blue Cross benefits for petitioner.
On October 1, 1965, respondent appeared in court on a complaint of arrears and promised to clear them up by October 4, 1965.
In each of the afore-mentioned instances, the record of the proceedings indicates respondent was advised of his legal rights and that he specifically waived his right to counsel. Counsel for respondent is in error when he alleges to the contrary in his memorandum.
On March 23, 1966, he appeared with an attorney and claimed he was not legally married to the petitioner and accordingly is not liable for any support. He based his claim on the fact that petitioner has not obtained a valid divorce from her previous husband.
There are two issues before the court at this time:
1. Whether the finding of marriage, necessarily implicit in the previous support orders of the court, is res judicata one year after the original order of support; and
2. Whether a foreign divorce decree is subject to collateral attack by the respondent.
This court does not agree with the respondent’s argument that he has a right to raise the question of the validity of the parties’ marriage because he was not represented by counsel. His right to counsel was offered to him at each appearance and he expressly waived his right to counsel and expressly waived counsel in each appearance. To give weight to this contention would be to render ineffective and nugatory the careful admonitions delivered by the court and its attaches to the respondent on each occasion he appeared before the court. The election by the respondent to proceed without counsel is under usual and ordinary circumstances binding upon him.
*284 It is the court’s opinion, however, that the doctrine of res judicata need not necessarily be applied in the proceeding. Section 451 of the Family Court Act provides for continuous review and modification of any support orders of this court. Thus, while there was an implicit finding of marriage between the parties, the court, by virtue of such section, may review the issue of marriage which is now for the first time being directly challenged.
In a case where the facts were substantially identical with the instant case, the court granted the right to litigate the issue of a prior divorce of one of the parties. (See “ Davies ” v. “ Davies ”, 187 Misc. 313 [1946].)
The right to collaterally attack a foreign divorce decree, particularly an Alabama decree, in the Family Court in addition to the Supreme Court seems to be well settled. (See Matter of Goodman v. Goodman, 25 A D 2d 646 [1st Dept.], citing among other cases Fishberg v. Fishberg, 16 A D 2d 629; Magowan v. Magowan, 45 Misc 2d 972, affd. 24 A D 2d 840.)
The burden of upsetting the validity of the divorce obtained by petitioner is upon respondent (Magowan v. Magowan, supra, p. 977). The facts with respect to the Alabama divorce have not been presented as yet to this court. Accordingly this proceeding is set down for May 25, 1966, for the purpose of taking testimony as to the facts of the Alabama divorce obtained by petitioner.