**ELLIS v. ELLIS et al.**

No. 43683.

Supreme Court of Missouri.

Division No. 1.

Nov. 9, 1953.

Rehearing Denied Jan. 11, 1954.

850

Brevator J. Creech, Troy, for plaintiff-appellant.

Warren Turner, Springfield, Rendlen & Rendlen, Hannibal, Warren H. May, F. D. Wilkins, Louisiana, for respondents.

CONKLING, Judge.

Raymond E. Ellis, the plaintiff below and appellant here, has appealed from a judgment and decree of the circuit court wherein the chancellor dismissed his petition which, upon the alleged grounds of fraud, sought to set aside a divorce decree entered July 6, 1951. The chancellor dismissed plaintiff's asserted cause of action and struck his case from the court's record.

The defendants below were Ruth Ellis, the former wife of plaintiff; Fred D. Wilkins and Warren H. May, practicing attorneys at Louisiana, Missouri; Warren McE. Turner, Louren G. Davidson and Howard Potter, practicing attorneys at Springfield, Missouri, the last named three alleged in the petition to compose the law firm of Turner, Davidson and Potter.; Fred D. Wilkins, as trustee under a certain deed of trust; and defendant Ruth Ellis, as beneficiary therein.

In the first count of the petition plaintiff first alleged a cause of action for a divorce from defendant Ruth Ellis; the first count further alleged that Ruth Ellis, in case Number 2435, was awarded a decree of divorce from Raymond E. Ellis in the circuit court of Lincoln County, Missouri, on July 6, 1951, upon her cross petition in that divorce action; that defendant Warren H. May, was the attorney for Raymond E. Ellis in that 1951 divorce action; that Warren McE. Turner, Louren G. Davidson, Howard C. Potter and Fred D. Wilkins were attorneys for Ruth Ellis in that 1951 divorce action; that in the 1951 divorce action Ruth Ellis, and her attorneys in that case, and Warren H. May, all conspired to defraud Raymond E. Ellis and caused him to execute a certain property settlement with Ruth Ellis and to execute a deed of trust upon certain lands given by him to secure such settlement; that it was represented to Raymond Ellis just prior to the 1951 divorce trial that if he would execute the above property settlement and the deed of trust that Ruth Ellis would secure the 1951 divorce upon her cross petition; that in said above mentioned 1951 divorce action Ruth Ellis and all of the above named attorneys were guilty of conspiring and executing a fraud upon the circuit court of Lincoln County and upon Raymond E. Ellis, in this:

"(a) In not exhibiting to the Court the property settlement agreement and making it part of the decree, if acceptable to the Court;

"(b) Without first having the defendant [Ruth Ellis] to sign in person the cross-bill, and without first having the defendant to make affidavit in person to the cross-bill for divorce filed by defendant, marked Exhibit 'C' is provided for under Section 452.020, RSMo 1949, V.A.M.S., and [for] the failure to do so plaintiff? [defendant Ruth Ellis] stated no cause of action for divorce, and [that such failure] gave the court no jurisdiction over the subject matter, and was a fraud upon the plaintiff and a fraud upon the court."

Plaintiff's first count of his petition also alleged that there were no children born of the marriage; that the above property settlement, the deed of trust and the 1951 divorce decree were void; that knowledge of the above alleged fraud first came to plaintiff on June 23, 1952; and that plain-

tiff Raymond Ellis, after the 1951 divorce decree, was married to one Myrtle Bufford on August 9, 1951.

The prayer of the first count of plaintiff's petition was that he be divorced from Ruth Ellis and that the prior decree of divorce of July 6, 1951, be set aside and held void.

The second count of plaintiff's petition incorporated therein the above allegations of the first count as to the claimed fraud of defendants respecting the 1951 divorce; it further alleged that pursuant to the above propery settlement in 1951 he paid Ruth Ellis and the above attorneys certain stated sums of money.

The prayer of the second count is that the above property settlement, the above referred to deed of trust and the 1951 divorce decree be set aside and held void; and that the above mentioned monies alleged to have been paid by plaintiff to Ruth Ellis and the above named attorneys under the property settlement and subsequent to the 1951 divorce action "be decreed to plaintiff."

Plaintiff attached to his instant petition, as exhibits, copies of the "Property Settlement Agreement" of July 6, 1951, the above deed of trust, the amended cross petition for absolute divorce filed by Ruth Ellis on July 6, 1951, and the divorce decree of that date. It appears from the above Property Settlement Agreement that the parties agreed to consummate the same only in the event that the court granted a divorce between the parties; and it further appears therefrom that Ruth Ellis, in consummation thereof, agreed to execute and deliver to Raymond Ellis her quitclaim deed to her interest in and to a certain 160 acre farm in Lincoln County, Missouri.

Defendants herein filed in the cause their motion to dismiss the petition upon grounds we hereinafter notice.

The trial court heard evidence upon the instant motion of the defendants to dismiss. Among other matters then and there introduced in evidence was the entire record in Cause Number 2435 Raymond Ellis v. Ruth Ellis [the 1951 divorce case] including all pleadings filed therein, the petition, the answer and the first filed cross petition of Ruth Ellis for separate maintenance, all motions filed therein, the amended cross petition of Ruth Ellis for absolute divorce, the answer of Raymond Ellis to the amended cross petition of Ruth Ellis for absolute divorce, the transcript of the testimony at that trial on July 6, 1951, and the divorce decree of that date. There was no dispute of fact in any of the testimony before the trial court. Some of the instant facts were before us in State ex rel. Ellis v. Creech, Judge, Mo.Sup., 259 S.W.2d 372. The chancellor entered below his findings of fact and conclusions of law.

Under the pleadings of this case and under the proof before him the chancellor could have found, and did find:

That in the 1951 divorce case Number 2435, the defendant, Ruth Ellis, first filed her answer and her cross petition for separate maintenance which she signed and to which she annexed her statutory affidavit as required by Chapter 452, RSMo 1949, V.A.M.S. and Sections 452.020 and 452.040; that in that cause on July 6, 1951, in open court and by leave of court defendant Ruth Ellis filed her amended answer and cross petition in which, in lieu of the first and original prayer for separate maintenance, she prayed for an absolute decree of divorce upon the same and exact facts alleged in her prior cross petition for separate maintenance; that by oversight Ruth Ellis failed to execute and annex to her amended cross petition for absolute divorce her affidavit as mentioned in Section 452.020; that on July 6, 1951, and just prior to the 1951 divorce trial the parties and their attorneys appeared in open court, agreed upon and executed a complete property settlement which each party agreed to consummate in the event a divorce was granted; that plaintiff Raymond Ellis thereupon dismissed his original petition for divorce with prejudice and then filed in the cause his answer to the amended cross petition of Ruth Ellis pray-

ing absolute divorce, wherein he admitted the marriage and separation; that the divorce cause was thereupon tried on July 6, 1951, that evidence was heard in the cause and decree of absolute divorce was granted to Ruth Ellis upon her cross petition therefor;

That as to the above quoted charge of fraud (a), i. e., that the property settlement agreement between the parties was not submitted to the court, which thereafter granted the divorce, that under North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061, Bloss v. Bloss, Mo.Sup., 251 S.W.2d 78, and State ex rel. Green v. James, Judge, 355 Mo. 223, 195 S.W.2d 669, a husband and wife, both sui juris, may make a valid and binding contract as to a property settlement between them in contemplation of a divorce without submitting the same to the court which may thereafter hear and determine the divorce action;

That as to the above quoted charge of fraud (b), i. e., that Ruth Ellis did not remake and attach the affidavit of Sections 452.020 and 452.040 when she amended the prayer of her cross petition to pray for an absolute divorce, that under State ex rel. Fawkes v. Bland, 357 Mo. 634, 210 S.W.2d 31; Kendrick v. Kendrick, Mo.App., 251 S.W.2d 329, Nolker v. Nolker, Mo.Sup. [Banc] 257 S.W. 798, 804, Garver v. Garver, 145 Mo.App. 353, 130 S.W. 369, 370, and Butler v. Butler, Mo.App., 252 S.W. 734, 736, and where, as in case Number 2435, the amendment of her cross petition was only as to relief prayed therein and where no new ground for divorce was therein or thereby pleaded or introduced, that the court's jurisdiction over the subject matter and the parties had theretofore fully attached and the functions of the prior statutory affidavit were fully performed, and it was therefore not necessary for Ruth Ellis to annex a new affidavit to her amended cross petition for absolute divorce;

That the allegation in plaintiff's instant petition that plaintiff agreed with the instant defendants that if plaintiff would execute and consummate the property settlement agreement that the defendant would secure a valid divorce upon her amended cross petition, but that to defraud plaintiff, Ruth Ellis fraudulently failed to reverify the amended cross petition, was expressly and in terms rejected by the chancellor upon the ground that it was unreasonable and unbelievable that Ruth Ellis, who, under the terms of the property settlement would receive very substantial sums of money would fraudulently seek to render the divorce of July 6, 1951, invalid by failing to reverify the amended cross petition; the chancellor further properly found that neither the defendants, nor any of them, were guilty of any fraud, conspiracy, collusion, coercion or misconduct as charged specifically or impliedly in the petition; and the chancellor further properly found and decreed that as plaintiff's petition was founded solely upon court records and court files it would be impossible for plaintiff to amend his petition to state facts which would entitle him to relief, the plaintiff's petition was therefore dismissed and his purported and claimed cause of action was stricken from the court's docket.

We have carefully and fully examined the above respective contentions of the parties as made before the chancellor and as made in their briefs filed in this court. We have concluded and we rule that the chancellor correctly determined those issues and correctly ruled the respective contentions made in the court below and now renewed here.

Plaintiff strenuously urges, at great length and with many words, both in his brief and upon oral argument here, that it was jurisdictionally required as a condition precedent to the granting of the 1951 divorce decree to Ruth Ellis, that she reverify her amended cross petition for absolute divorce in compliance with Sections 452.020 and 452.040, and that having failed so to do the 1951 divorce decree was void. The last above cited cases rule that contention adversely to plaintiff.

It seems that the early law of domestic relations divided divorce actions into two distinct divisions. One was known as divorce a vinculo matrimonii, or absolute divorce, which totally dissolved the bonds of matrimony between the contracting parties; the second was known as divorce a mensa et thoro, which was recognized as only a suspension of the marriage status, was merely a divorce from bed and board, and continued the obligation of support. 27 C.J.S., Divorce, § 1, p. 522. The second above noted division came in time to be called an action for separate maintenance. In Missouri law, however, the concept is now held that divorce a vinculo matrimonii and divorce a mensa et thoro are substantially indivisible portions of the one action for divorce. Both are recognized by and treated in the same chapter [452] of our statutes. In State ex rel. Fawkes v. Bland, supra, we held that an action for separate maintenance is cognizable and upon proper and sufficient proof is maintainable upon a cross petition in an action where the original petition prays absolute divorce, and that the party seeking separate maintenance by either the original petition or by cross petition cannot prevail unless facts are proved which would entitle such party praying separate maintenance to an absolute divorce. See also, Kendrick v. Kendrick, supra, and Meredith v. Meredith, Mo.App., 166 S.W.2d 221, 223(1).

In the original 1951 divorce case the petition of Raymond E. Ellis and the original answer and cross petition for separate maintenance filed by Ruth Ellis were each verified as required by Sections 452.020 and 452.040. The circuit court of Lincoln County, in case Number 2435, therefore, had jurisdiction of both the parties and the subject matter in that action. On July 6, 1951, and while that action remained pending, predicated upon the same and identical cause of action and alleged in the same language, Ruth Ellis restated her cause of action but changed the prayer of her original cross petition for separate maintenance to pray for an absolute divorce, a divorce a vinculo matrimonii. There was no change of her cause of action for it remained the same as it had theretofore been when her prayer was for divorce a mensa et thoro. The circuit court, having theretofore acquired jurisdiction of both the parties and the subject matter in that action, still retained that jurisdiction after the change in the prayer. The parties were both in court, and were there represented by their separate counsel. The amendment as to the prayer only did not change or in any way modify Ruth Ellis' cause of action. The allegations of her cause of action remained unchanged and to secure her absolute divorce she had to prove just as much as she would theretofore have had to prove to secure the relief of separate maintenance. While the prayer was a part of her first cross petition, it was no part of her statement of her one cause of action. The modification or amendment of the prayer of her cross petition could have been accomplished by either interlineation of the original prayer of the cross petition or by filing a new paper pleading with a new prayer. That Ruth, on July 6, 1951, filed a new pleading, containing a changed prayer *only*, is not of any consequence and did not deprive the court of its full jurisdiction which had theretofore attached. Her original verification was effective because her cause of action remained unchanged. Cases cited supra.

Under instant circumstances public policy forbids setting aside the 1951 divorce decree. That must be true here for in this case the circuit court of Lincoln County had full jurisdiction, the divorce judgment of July 6, 1951, was regular upon its face, both parties were present in court as were their respective counsel, each party filed pleadings in the cause, and evidence was heard by the court. Raymond Ellis and his counsel were there charged with notice of what the pleadings did and did not contain and Raymond Ellis was not deprived of any right to make any defense he desired to make. There was no fraud, and it is not contended there was any fraud in the procurement of the 1951 divorce decree extrinsic or collateral to the issues tried and upon which the di-

vorce decree was there rendered. There was no concealment from either the court or from Raymond Ellis or his counsel then and there present that the cross petition for absolute divorce was not verified. Under these circumstances equity will not grant Raymond Ellis a retrial of the 1951 divorce case, all the issues of which are merged in the 1951 judgment for, in these circumstances, equity jurisprudence limits the relief now instantly sought to those cases where the fraud alleged was of a character which would have prevented a fair submission of the controversy between the parties, and the fraud alleged must have been in the procurement of the judgment as distinguished from matters going to the merits. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187, 191(2), Crain v. Crain, Mo.App., 205 S.W.2d 897, Jones v. Jones, Mo.App., 254 S.W.2d 260.

For reasons above appearing the judgment appealed from is affirmed. It is so ordered.

All concur.