112 N.J. Super. 496 (1970)
271 A.2d 735
MELODY DALE FRANCO, PLAINTIFF,
v.
JAMES GLYNN DAVIS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 9, 1970.
*497 Mr. Leonard Meyerson appeared for plaintiff. (Messrs. Miller, Hochman, Meyerson & Miller, attorneys, Mr. Gerald D. Miller on the brief).
Mr. Donald S. McCord, Jr. appeared for defendant. (Messrs. Colquhoun & Pollock, attorneys, Mr. Peter R. Brogan on the brief).
BARRETT, J.S.C.
This is a motion for summary judgment in favor of defendant. Briefs were submitted by counsel and oral argument was heard. This is one of the many cases of a child suing a parent in light of France *498 v. A.P.A. Transport Corp., 56 N.J. 500 (1970), which abolished the doctrine of child-parent immunity. In addition to the question of whether that decision is retrospective in application, this case also involves the applicability of the doctrine of res judicata. The same parties were involved in a prior case on the same set of facts and issues. At that time a motion for summary judgment in favor of defendant was granted in light of the immunity doctrine as set forth in Reingold v. Reingold, 115 N.J.L. 532 (E. & A. 1935), and reaffirmed in Hastings v. Hastings, 33 N.J. 247 (1960) and Heyman v. Gordon, 40 N.J. 52 (1963). The decision was appealed to the New Jersey Supreme Court, which affirmed Franco v. Davis, 51 N.J. 237 (1968). That was the last case upholding the doctrine until its abolition in France, supra. The latter case (at 507) expressly overruled Franco, the first case between these parties.
Plaintiff child brings this action and defendant moves for summary judgment on the basis of res judicata. Whether or not the France decision is retrospective in application, I hold the doctrine of res judicata applies. "Res Judicata is an ancient judicial doctrine which contemplates that when a controversy between parties is once fairly litigated, and determined, it is no longer open to relitigation." Lubliner v. Bd. of Alcoholic Bev. Control, 33 N.J. 428, 435 (1960). It is also well established that,
* * * a matter is not res judicata unless there be identity of the thing sued for, of the cause of action, of the persons and parties, of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so in point as to control the issue in the pending action. [Templeton v. Scudder, 16 N.J. Super. 576, 579 (App. Div. 1951)]
There is no claim that those criteria do not apply here. Plaintiff claims, however, that because of the France decision, supra, res judicata does not apply. This, she alleges, is because "the principle of res adjudicata, however, does not bar relitigation where, after the rendition of the judgment, *499 subsequent events or conditions occur, thus creating a new legal situation or altering the legal rights or relations of the parties." Lasasso v. Lasasso, 1 N.J. 324, 328 (1949). The principle was also expressed in Washington Tp. v. Gould, 39 N.J. 527, 533 (1963), citing Lasasso. The latter case, however, clearly presented a change of factual situation in a child support case and did not contemplate a change in decisional law. In such cases a change of factual situations has always been the basis for altering the amount of a support decree. In any event, I feel this principle generally applies only to a change in the factual situation and does not apply to changes in law.
There are no New Jersey cases directly applicable to this situation. The only authority directly on point is that a "judgment remains res judicata, although overruled in a subsequent case between other parties," 50 C.J.S. Judgments § 704, n. 56. The source for that statement is City of Watertown, S.D. v. Eastern Dakota Electric Co., 296 F. 832 (8 Cir.1924), where the court stated (at 835), "A sufficient answer to this is that overruling a former decision does not reverse the judgment duly rendered in the case overruled, or affect the rights of the parties to that decree."
It is a well established principle that a decision revealing a prior decision to be in error in law or fact does not preclude the application of the doctrine of res judicata, e.g., Delaware River Port Authority v. Pennsylvania Public Utility, 408 Pa. 169, 182 A.2d 682 (Sup. Ct. 1962); 50 C.J.S. Judgments § 704, n. 56. Perth Amboy Dry Dock v. Crawford, 103 N.J.L. 440 (E. & A. 1927), held that
* * * it is entirely settled that after one judicial determination by a court of competent jurisdiction, a second suit for the same matter, between the same parties or their privies, cannot be relitigated in the same or any other court. Nor does it matter that, in the first suit, evidence existed which was withheld or undiscovered, or that the law was misconceived by the court, or left uncited by counsel * * *; In spite of any of these defects in the prosecution or defense of the action, the judgment stands as an absolute bar against a second litigation of the same cause of action. [at 444]
*500 Therefore, if Franco v. Davis, supra, is viewed as an "error in law," it does not preclude application of the doctrine of res judicata.
It is also recognized in some cases that "the doctrine of res judicata is regarded as operative notwithstanding a change in law after the rendition of the judgment even though the amendment is declared by the legislature to be retroactive." 46 Am. Jur.2d, Judgments, § 444. The source of this principle is a series of related Iowa cases, the facts of which are as follows. A Mr. Young was the husband of a policewoman in Sioux City. She died, and he attempted to obtain certain death benefits and pension fund rights under a statute. In the first case the Supreme Court of Iowa held that he was not entitled to the benefits because the statute mentioned only surviving "widows" and not "widowers." Young v. O'Keefe, 246 Iowa 1182, 1187, 69 N.W.2d 534 (1955). The Iowa legislature, in an obvious response to that decision, amended the statute to include widowers. Young again attempted to collect the benefits. The Supreme Court of Iowa again held he could not obtain the benefits, basing its decision on two grounds: first, that in the absence of clear legislative intent the statute was not retroactive, and second, even if it was, he would be barred by the doctrine of res judicata. Young v. O'Keefe, 248 Iowa 751, 82 N.W.2d 111 (1957). The court said:
If the purpose of res judicata be to add finality to judicial decisions, the propriety of its presence here cannot be doubted. A judgment based on plain statutory construction, as was our earlier decision, would not be exactly final if the legislature could by subsequent retroactive (nunc pro tunc) change of statute reopen the identical controversy for the benefit of a losing litigant. [82 N.W.2d at 114].
Again, in obvious response to the second opinion, the legislature of Iowa amended the statute, this time to expressly make it retroactive. Young again attempted to obtain the benefits, but to no avail. The Supreme Court of Iowa reiterated its decision that even if the change in the statute *501 was retroactive in application, Young was barred by the doctrine of res judicata. Sioux City v. Young, 250 Iowa 1005, 97 N.W.2d 907 (1959).
While that case dealt with a change in law creating a new right by amendment to a statute after rendition of a judgment, and the case at bar deals with a change in law creating a new right by judicial decision after rendition of a judgment, I feel the situation is such that application of the doctrine of res judicata is equally called for.
It is also to be noted that "A judgment based on a statute, or an adjudication on an issue, that a statute is constitutional, is res judicata as between the parties, even though in another action the statute is declared unconstitutional." 50 C.J.S. Judgments § 704, n. 56; e.g., Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); Jahn v. Berzon, 255 App. Div. 1023, 8 N.Y.S.2d 640 (App. Div. 1938), appeal granted 256 App. Div. 932, 10 N.Y.S.2d 679, motion to dismiss appeal granted, 280 N.Y. 808, 21 N.E.2d 694 (Ct. App. 1939).
For the above reasons I hold the doctrine of res judicata applies here whether or not the France decision, supra, is held to apply retroactively.
The general rule in this State is that "overruling of a decision has retrospective effect." Wangler v. Harvey, 41 N.J. 277, 286 (1964); Dalton v. St. Luke's Catholic Church, 27 N.J. 22 (1958), and Arrow Builders Supply Corp. v. Hudson Terrace Apts., 16 N.J. 47 (1954). In most situations the questions of retrospective effect does not concern too many possible actions because of the two-year statute of limitations applicable to personal injury actions, N.J.S.A. 2A:14-1. However, because the France decision involves minors, the period within which actions can be brought is greatly expanded, N.J.S.A. 2A:14-21. If France is retrospective in effect, it could result in actions being brought for accidents that occurred in 1947. This factor, as well as others, led the Supreme Court of *502 Wisconsin to hold the overruling of child-parent immunity prospective in application, Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (1963). One of the other major factors to be considered here is the reliance of persons, mostly insurance companies, on the immunity doctrine. This would result in their not having conducted extensive investigations of accidents and or disposing of records. The Supreme Court of New Hampshire found this to be a major factor in giving only prospective effect to the abolition of child-parent immunity, Vickers v. Vickers, 109 N.H. 69, 242 A.2d 57 (1968). Minnesota also has held the abolition of the doctrine to be prospective. Silesky v. Kelman, 281 Minn. 431, 161 N.W.2d 631 (1968). I think a consideration of these factors and others should result in the France decision being given prospective effect.
For the above reasons, the defendant's motion for summary judgment dismissing plaintiff's action is granted.