112 N.J. Super. 595 (1971)
272 A.2d 310
RYAN SCHWARTZ, LINDA SCHWARTZ, RANDY SCHWARTZ, ROGER SCHWARTZ, JR., INFANTS BY THEIR GUARDIAN AD LITEM, ROGER SCHWARTZ, CATHERINE SCHWARTZ, AND ROGER SCHWARTZ, INDIVIDUALLY, PLAINTIFFS,
v.
U.S. RUBBER CORP., A CORPORATION; U.S. ROYAL TIRE; GENERAL MOTORS CORP., A CORPORATION; A.C. CHEVROLET DISTRIBUTORS; CATHERINE SCHWARTZ AND ROGER SCHWARTZ (AS TO CLAIMS ARISING OUT OF INFANT'S INJURIES ONLY), DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 7, 1971.
*596 Mr. John G. Butler and Mr. Emil J. Yampaglia, attorneys for plaintiffs Catherine Schwartz and Roger Schwartz.
Mr. Richard L. Zucker for defendant Uniroyal, Inc. (Messrs. Pitney, Hardin & Kipp, attorneys).
Mr. Brian C. Harris for defendant General Motors (Messrs. Braff, Litvak & Ertag, attorneys).
Mr. John B. LaVecchia for defendant A.C. Chevrolet (Messrs. Hughes, McElroy, Connell, Foley & Geiser, attorneys).
Mr. Bernard Chazen for plaintiffs Ryan Schwartz, Linda Schwartz, Randy Schwartz and Roger Schwartz, Jr. (Messrs. Canter & Chazen, attorneys).
Mr. Edward C. Hillis for defendants Catherine Schwartz and Roger Schwartz (Mr. Henry O. Habick, attorney).
MEANOR, J.C.C. (temporarily assigned).
This case presents questions ancillary to France v. A.P.A. Transport Corp., 56 N.J. 500 (1970) which, for automobile cases, overruled parent-child tort immunity.
On April 1, 1967 the Schwartz family was traveling through Iowa in a 1966 Chevrolet purchased by plaintiff *597 Roger Schwartz from defendant A.C. Chevrolet Distributors and registered in his name. His wife Catherine was driving, and Roger and their four children were passengers. The vehicle had been manufactured by defendant General Motors and was equipped with tires made by defendant Uniroyal, Inc. Assertedly because a defectively manufactured tire blew, the car went off the road, injuring all occupants. Prior to the decision in France the four injured Schwartz children and their parents brought suit against A.C. Chevrolet Distributors, General Motors and Uniroyal seeking damages arising out of their personal injuries.
Following France the pleadings were amended. The original product liability claims were continued. In addition, Roger Schwartz, as guardian ad litem for his children, sues himself and his wife for damages arising out of their personal injuries. Although the second amended complaint is somewhat ambiguous on this score, it can be construed as stating a claim per quod by Roger against Catherine for damages arising out of the children's injuries. Because of the bar of our two-year statute of limitations, N.J.S.A. 2A:14-2, no claims have been asserted by either parent against the other seeking to recover damages on account of their personal injuries.
Broadly stated claims for contribution have been filed by all defendants except the Schwartzes. The product liability defendants assert that Catherine Schwartz was negligent in her operation of the vehicle and that Roger was negligent in his maintenance of it. The children's claims against their parents are based upon the same allegations.
Insurance counsel for the Schwartzes have now moved to strike the second amended complaint as to them on the theory that France is prospective only and thus is not applicable to claims arising before the date upon which that decision was announced.
Two recent Law Division cases have approached the problem. Darrow v. Hanover Tp., 112 N.J. Super. 396 (Law Div. November 25, 1970), held that Immer v. Risko, 56 *598 N.J. 482 (1970), which, for automobile cases, overruled interspousal tort immunity, was retrospective in application. Franco v. Davis, 112 N.J. Super. 496 (Law Div. December 9, 1970), in a considered dictum indicated that France should be prospective only.
Retroactive application of France would permit assertion of child tort claims against parents in cases where the child has not reached his twenty-third birthday. This is because our two-year personal injury statute of limitations, N.J.S.A. 2A:14-2, is suspended during infancy and does not begin to run until that incapacity is removed by reaching majority. N.J.S.A. 2A:14-21. Obviously the resurrection of such stale claims presents problems of enormous practical difficulty.
No one doubts that the prevalence of automobile liability insurance has been the major impetus to this change in the law. Immer, supra, 56 N.J. at 489. Yet the decision is not restricted in application to cases where insurance is present and to the liability limit available. One of the first considerations of any litigant defending a liability case is to notify his insurance carrier so that its contractual obligation to defend may be honored. One difficulty that immediately arises is that with regard to old claims the identity of the carrier at the time of accident may be unknown and unknowable. If the identity of the company is discovered, it may well question its obligation to defend and pay on late notice grounds. See Cooper v. Government Employees Ins. Co., 51 N.J. 86 (1968).
Much has been said about the ability of the judicial system to discern the fraudulent claim in answer to the fear of collusion that was cited as a reason for the preservation of family tort immunities. With stale claims this ability is impaired. Only those interested in acquiring insurance funds may be left to participate. The defendant parent may be disinterested in defeating the claim of his offspring or, worse yet, his estate may be the defendant. With the passage of time independent witnesses become increasingly difficult *599 to find, and when found their aid is apt to be minimal because of impaired memory. Police reports may have been destroyed, investigating officers and treating doctors dead or retired, hospital and other medical records unavailable. The staleness of these claims is in itself a reason that France should be prospective only.
Undoubtedly, automobile liability insurance is more prevalent today and with higher limits than it was in the past. Coverage for old claims arising out of a child's injury would be that which was in existence at the time of the accident. Also, there would be those with adequate coverage at the time who, because of insurance failures, no longer have recourse to a financially stable institution for payment of their legal liabilities. As mentioned in Franco v. Davis, supra, there undoubtedly has been reliance by litigants and their insurers on the immunity doctrine. While the ill effects of this reliance may to a great extent be rectified when only two-year old claims have been created, the same cannot be said for cases arising out of accidents that occurred up to 23 years ago.
The enormous recent increases in the cost of automobile liability insurance are matters of common knowledge. Present and future premiums would have to be adjusted to meet these unanticipated claims. There is little fairness in forcing the premium-paying public of the 1970's to pay the higher cost of meeting claims that arose in the late 1940s, 1950s and 1960s. The Immer and France results could not have been accurately anticipated, for the same court that decided them adhered to interspousal immunity since Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958); Orr v. Orr, 36 N.J. 236 (1961), and to parent-child immunity since Hastings v. Hastings, 33 N.J. 247 (1960); Heyman v. Gordon, 40 N.J. 52 (1963); Franco v. Davis, 51 N.J. 237 (1968).
As France and Immer, supra, show, they resulted when one member of the court changed his view on one of the most fundamental matters of judicial policy.
*600 While the above criteria are applicable to both interspousal and parent-child suits, the adverse impact obviously is greater in the parent-child cases. This difference in degree may merit a difference in result permitting retrospective application of the husband-wife immunity overrule but leaving the parent-child immunity abrogation to prospective only application.
Parent-child tort suits raise different questions peculiar to them alone. With the possible exception of the rare incompetent spouse, married persons are able to make their own informed judgment on whether or not to bring an interspousal tort action. Where the parents or one of them do not advance an infant's litigation interest, should this be done over their objection? When a case comes before the court evincing an infant's claim against a potentially liable parent, may the court acquiesce in the parent's desire to suppress the claim or should the court appoint a guardian and direct that the suit be brought? A parent may not desire to be sued by his child because of inadequate insurance or none at all, or for other reasons that may not now be foretold. It would seem that courts would have to exercise their power to see to it that valid infant claims are advanced promptly rather than to remit them to a choice upon reaching majority with the difficulty of staleness then encountered. And where nonparent tortfeasors may also be involved, there is the danger of inconsistent results by litigation of the nonparent's liability promptly and then awaiting the passage of years for decision on the claim against the parents. The possible duties of members of the Bar might also be mentioned. It may well be that an attorney who has knowledge of a potential claim by an infant client against a parent, but who cannot obtain the consent of either parent to bring an action, has a duty to bring the matter to the attention of the court for the possible appointment of an independent guardian to press the child's interest. These problems are difficult enough when applied to ripe claims. They increase by something akin to geometric proportion when applied to stale ones. If *601 France is retrospective, do attorneys have a duty to search their files and memories for past matters that may involve a now-available claim by a child against his parent?
There can be no doubt of the power of a court to announce that a new rule of law should be prospective only. Willis, v. Dept. of Cons. & Ec. Dev., 55 N.J. 534, 541 (1970); Annotation, "Prospective or retroactive operation of overruling decision, 10 A.L.R.3d 1371 (1966). Whether France should be prospective only or retrospective is a question not addressed in that opinion. While the issue can be put to rest only by the Supreme Court, since the question is open there is no reason why this court initially should not give the matter plenary consideration.
Courts have taken different views on whether the overruling of parent-child tort immunity should be prospective only. For prospectivity, see Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193 (Sup. Ct. 1963); Balts v. Balts, 273 Minn. 419, 142 N.W.2d 66 (Sup. Ct. 1966) (suit by parent against child); Silesky v. Kelman, 281 Minn. 431, 161 N.W.2d 631 (Sup. Ct. 1968) (suit by child against parent); Vickers v. Vickers, 109 N.H. 69, 242 A.2d 57 (Sup. Ct. 1968). Contra, see Gelbman v. Gelbman, 23 N.Y.2d 434, 245 N.E.2d 192, 297 N.Y.S.2d 529 (Ct. App. 1969).
The only issue presented here is whether France should be prospective only, i.e., whether the new rights created by that case are applicable only to litigation arising out of accidents that occurred on and after July 10, 1970. Darrow v. Hanover Tp., supra, which dealt with prospective-retrospective issues as to Immer and the overruling of interspousal immunity, is not questioned. As pointed out above, there may be valid reasons for applying a prospective-only rule to child versus parent tort cases and not to husband-wife litigation (or perhaps to parent versus child suits since the parent's claims would be covered by N.J.S.A. 2A:14-2.)
This court believes that the sound approach is to apply France as prospective only, in accord with the view expressed by the courts of Wisconsin, Minnesota and New *602 Hampshire in Goller v. White, Balts v. Balts, Silesky v. Kelman, Vickers v. Vickers, all supra.
Thus, the motion to dismiss the claims by the Schwartz children against their parents is granted. An order to this effect should be submitted by the attorney for Roger and Catherine Schwartz as defendants within ten days.
This decision that France is prospective only renders moot other serious issues potentially involved here. They might be mentioned since they may well arise again:
1. May the plaintiff Roger Schwartz, as guardian for his children, maintain a tort action in their behalf against himself or should an independent guardian be appointed?
2. May the present attorney for Roger and Catherine Schwartz, who once also represented the children, remain in the case now that the children are plaintiffs against their parents, or does the potential conflict of interest preclude his further participation as attorney?
3. May the same insurance counsel represent both Roger and Catherine Schwartz in defense of the children's suits and the claims for contribution in light of the independent acts of negligence alleged against each?