**Verd H. REYNOLDS and Norma J. Reynolds, his wife, Plaintiffs-Respondents,**

v.

**Thomas TINSLEY and Frances Tinsley, his wife, d/b/a Russ TV and Appliance Sales and Services, Defendants-Appellants,**

**and**

**Emmett C. Rusteberg and Goldie O. Rusteberg, his wife, Defendants.**

No. 42862.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 1981.

---

James E. Alexander, Medley & Alexander, Farmington, for defendants-appellants.

David L. Mayhugh, Mayhugh, Harris & Blackwell, Flat River, for plaintiffs-respondents.

Gary W. Wagner, Farmington, for defendants.

SNYDER, Judge.

Appellants sought damages on an injunction bond in the trial court after a temporary injunction was set aside and dissolved by the court. The trial court dismissed appellants' action for damages upon motion by respondents. This appeal followed in which appellants urge they stated a cause of action for recovery on the bond pursuant to Rule 92.11.

The trial court's judgment is affirmed because the bond in question was void.

Respondents petitioned for a temporary restraining order, permanent injunctive relief, and damages arising out of appellants' use of a trade name. After a hearing, the trial court entered an order in the nature of a temporary injunction prohibiting appellants' use of the disputed trade name pending final resolution of this action. To secure the payment of any damages incurred by the enjoined parties as a result of the injunction, respondents executed and filed the injunction bond in question. After a trial on the merits, the trial court issued findings of fact, conclusions of law, and on February 14, 1980 entered judgment for appellants on respondents' petition for permanent injunction and set aside and dissolved the temporary injunction. In its judgment the trial court found the bond which had been filed by respondents to be void as a matter of law. There was no surety on the bond. It was signed only by respondents who pledged a 1974 Chevrolet Impala as security.

Appellants did not appeal from the trial court's judgment of February 14, 1980 voiding the injunction bond. Instead, appellants moved the trial court on February 15, 1980 to assess damages on the bond.

The trial court's judgment of February 14, 1980 became final on March 17, 1980. Appellants had through March 27, 1980 to file their notice of appeal challenging the court's ruling voiding the injunction bond. Rule 81.04. The power of the appellate court to grant late appeal expired on September 14, 1980. Rule 81.07. No appeal has been taken.

On March 28, 1980, the trial court heard respondents' motion to dismiss appellants' motion to assess damages on the injunction bond. Respondents' motion to dismiss was based on the trial court's prior order of February 14, 1980 which judicially deter-

mined the bond posted by respondents to be void as a matter of law. On April 2, 1980, the trial court granted the respondents' motion to dismiss.

■ The parties agree appellants can recover damages only upon respondents' injunction bond. Appellants insist the bond was actionable pursuant to Rule 92.11[1] pertaining to assessment of damages on a bond upon dissolution of an injunction. Respondents contend the trial court's judgment of February 14, 1980 bars recovery upon the injunction bond. Respondents' contention is correct, and the trial court's judgment must be affirmed.

An assessment of damages pursuant to Rule 92.11 presupposes the existence of a valid bond. There was no actionable bond here. It had been declared void in a final judgment which was not appealed. Thus, appellants are precluded from relitigating the issue of the validity of the bond by the rule of collateral estoppel. *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, 719[8] (Mo.banc 1979).

Respondents use the term res judicata in their brief instead of collateral estoppel but the Missouri Supreme Court has distinguished these two principles.

> "Traditionally, res judicata (claim preclusion) precludes the same parties from relitigating the same cause of action whereas collateral estoppel (issue preclusion) precluded the same parties from relitigating issues which had been previously adjudicated."

*Oates v. Safeco Insurance Company of America, supra* at 719[8]. The claim for damages against the bond was not adjudicated in the earlier proceeding. The issue of the validity of the bond was adjudicated. Therefore, collateral estoppel rather than res judicata applies, but the result is the same. The judgment must be affirmed.

*See State Board of Registration for the Healing Arts v. Masters*, 512 S.W.2d 150, 159–160[7] (Mo.App.1974); *Stadium Bank v. Milton*, 589 S.W.2d 338, 342[2, 3] (Mo.App. 1979); *Jackson v. Hartford Accident & Indemnity Co.*, 484 S.W.2d 315, 321[1, 2] (Mo. 1972).

Appellants point out that a proceeding to assess damages on an injunction bond is an independent action, and, as such, appealable. *Oasis Car Wash, Inc. v. First North County Bank*, 558 S.W.2d 683, 687[10, 11] (Mo.App.1977); *J & P Trust v. Continental Plants Corp.*, 541 S.W.2d 22, 26–27[6–9] (Mo.App.1976). True, but the success of the appeal is not assured.

■ Appellants' brief is also at pains to argue on the merits that the injunction bond filed by respondents was not void. The question is not before this court, however. Whether or not the prior judgment is legally correct is not at issue in applying the doctrine of res judicata or collateral estoppel. *Hollipeter v. Stuyvesant Insurance Co.*, 523 S.W.2d 595, 600[4] (Mo.App. 1975).

The trial court's judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.

1. Rule 92.11. Dissolution of Injunction—Assessment of Damages:
   "Upon the dissolution of a restraining order or an injunction, in whole or in part, damages shall be assessed by a jury, or, if neither party require a jury, by the court; but if payment of money, or any proceedings for the collection of any money or demand, shall have been enjoined, the damages thereon shall not exceed ten per cent on the amount released by the dissolution, exclusive of legal interest and costs."
   This rule was repealed by order of the Missouri Supreme Court dated June 5, 1980 and a new Rule 92 was adopted in lieu thereof, effective January 1, 1981.