Mary SNYDER, Petitioner–Appellant,

v.

Fred P. SNYDER,
Respondent–Respondent.

No. 56057.

Missouri Court of Appeals,
Eastern District,
Division One.

April 17, 1990.

William R. Gartenberg, Lee Gary Kline, Clayton, for petitioner-appellant.

Allan H. Zerman, Clayton, for respondent-respondent.

GARY M. GAERTNER, Presiding Judge.

This is an appeal from a decree of dissolution entered in the Circuit Court of St. Louis County which dissolved the marriage of the parties and determined maintenance.

Appellant, Mary Snyder (wife), and respondent, Fred Snyder (husband), were married on April 11, 1981. The couple separated four years later in April of 1985. On July 1, 1987, the Circuit Court of St. Louis County granted wife a decree of legal separation which provided for maintenance of $400.00 "payable until December 15, 1987."

On December 15, 1988, a hearing was held on husband's motion to convert the decree of legal separation into a decree of dissolution. The trial court granted the motion to convert and awarded maintenance of $200.00 per month. The trial court, however, refused to hear evidence of the standard of living of the parties prior to the decree of legal separation holding that admitting such evidence would result in "a duplicity of evidence and trials." This appeal followed.

Wife's sole point of error is that the trial court failed to consider the time period from the date of her marriage until the date of the decree of legal separation in making its award of maintenance. She maintains that, in motions to convert, it is incumbent upon the trial court to consider all evidence from the date of marriage until the decree of dissolution. We disagree.

■ It has long been the rule that, in dissolution proceedings, the original determinations relating to maintenance and support are res judicata as to the facts and conditions bearing upon the award and existing at the time of rendition. *Seelig v. Seelig*, 540 S.W.2d 142, 145 (Mo.App., St.L. Dist.1976). The question of the applicability of res judicata has not yet been determined, however, where a party has brought a motion to convert a separation decree to a dissolution decree pursuant to RSMo § 452.360.

The doctrine of res judicata refers to the effect of a prior judgment on a subsequent judicial proceeding. *Vinson v. Vinson*, 725 S.W.2d 121, 123 (Mo.App., E.D.1987). Collateral estoppel, also referred to as issue preclusion, precludes the same parties from relitigating issues previously adjudicated. *Id.*

■ Collateral estoppel applies if four conditions are met: 1) the issue decided in the prior adjudication is identical to the issue in the present action; 2) the prior adjudication resulted in a judgment on the merits; 3) the party against whom collateral estoppel is asserted must have been a part or one in privity with the party in the prior adjudication; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity in the prior adjudication to litigate the issues. *Vinson*, 725 S.W.2d at 124. All four requirements are met here.

The early law of domestic relations divided divorce actions into two distinct divisions. One was known as absolute divorce which totally dissolved the bonds of matrimony, and the other was known as divorce from bed and board, which suspended the marital status but continued the obligation of support. *Ellis v. Ellis*, 263 S.W.2d 849, 853 (Mo.1953). Under Missouri law, this second division became known as an action for separate maintenance. In *Ellis*, the

Supreme Court recognized that absolute divorce and separate maintenance were "substantially indivisible portions of one action for divorce." *Ellis*, 263 S.W.2d at 853. It was quite logical, therefore, that issues tried in actions for separate maintenance were res judicata as to all issues tried or which, through an exercise of reasonable diligence, might have been tried. *See Hearn v. Hearn*, 437 S.W.2d 153, 155 (K.C.Ct.App.1968); *Dallas v. Dallas*, 233 S.W.2d 738 (St.L.Ct.App.1950).

■ This same rule applies where a motion to convert a decree of legal separation has been filed. In arriving at an award of maintenance in proceedings of legal separation, the trial court is required to consider several factors set out in RSMo § 452.335.[1] These same factors must be considered when the court awards maintenance in dissolution proceedings. It would not serve the purposes of collateral estoppel-relieving the parties of the cost and vexation of multiple litigation, conservation of judicial resources, and encouraging reliance on adjudication by avoidance of inconsistent decisions—to allow these same issues to be considered again merely because the parties separated prior to dissolution rather than filing for dissolution in the beginning.

Wife claims that the issues presented here are not identical to those presented in the legal separation hearing because of changes made in RSMo § 452.335. These changes became effective subsequent to the separation decree.[2] This court remains unconvinced.

■ It has often been held that the principle of res judicata does not bar litigation where, subsequent to the judgment, conditions change and alter the legal rights of the parties. *See City of Hardin v. Norborne Land Drainage District of Carroll County*, 360 Mo. 1112, 232 S.W.2d 921 (1950); *State ex rel. Anderson Motor Service Co. v. Public Service Commission*, 348 Mo. 613, 154 S.W.2d 777 (1941). These cases, however, present changes in *factual* situations and do not involve changes in either the legislative or decisional law. Missouri courts have not decided the applicability of res judicata under these circumstances. We will, therefore, look to the law of other states for guidance.

In *Young v. O'Keefe*, 246 Iowa 1182, 69 N.W.2d 534 (1955), the Supreme Court of Iowa held that Mr. Young was not entitled to death benefits and pension fund rights under an Iowa statute because the statute mentioned only surviving "widows" and not "widowers." The Iowa legislature, thereafter, amended the statute to include "widowers." Mr. Young, again tried to collect the benefits and the Supreme Court of Iowa denied the benefits on two grounds: First, there was no clear legislative intent to make the statute retroactive; and second, even if it was retroactive, he was barred by res judicata. *Young v. O'Keefe*, 248 Iowa 751, 82 N.W.2d 111 (1957). The court there stated:

> If the purpose of res judicata be to add finality to judicial decision, the propriety of its presence here cannot be doubted. A judgment based on plain statutory construction, as well our earlier decision, would not be exactly final if the legislature could by subsequent retroactive

---

1. These factors include: 1) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian; 2) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment; 3) the comparative earning capacity of each spouse; 4) the standard of living established during the marriage; 5) the obligations and assets, including the marital property apportioned to him and the separate property of each party; 6) the duration of the marriage; 7) the age, and the physical and emotional condition of the spouse seeking maintenance; 8) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; 9) the conduct of the parties during the marriage; and 10) any other relevant factors. RSMo § 452.335 (1986).

2. Under § 452.335 as it existed at the time of the separation decree, only the conduct of the party seeking maintenance was relevant; the conduct of the other party to the marriage was irrelevant as it related to maintenance, however, it was relevant in determining the distribution of property.

(nunc pro tunc) change of statute reopen the identical controversy for the benefit of a losing litigant [82 N.W.2d at 114–115].

The superior court of New Jersey reached a similar result in *Franco v. Davis*, 112 N.J.Super. 496, 271 A.2d 735 (1970).

The present case is similar to the *Young* case in that wife contends that a change in the statutory law has given her additional legal rights. We hold, however, as did the courts in both *Young* and *Franco*, that the public policy behind res judicata acts to bar further litigation.

 In the decree for legal separation, the trial court had awarded maintenance "payable until December 15, 1987." The trial court then stated that it retained jurisdiction over the issue of maintenance to be paid to the wife and would review the maintenance on December 15, 1987. A hearing was set to review maintenance for December 14, 1987. After some legal jousting by the parties, the April 4, 1988, order was entered by consent of the parties. This order required husband to pay wife $400.00 per month maintenance from April 15, 1988, until September 15, 1988, with the court then reconsidering the issue of maintenance. All sums paid by husband during this six month period were to be paid back to husband by wife. Thus, as part of its decree of dissolution, the trial court held that wife was required to pay twenty four hundred dollars to husband. Although neither party has appealed that part of the decree of dissolution directing wife to pay husband $2,400.00, there is a question of the trial court's jurisdiction to make such an order. This court will, thus, review this portion of the order *sua sponte*. See *Torrence v. Torrence*, 774 S.W.2d 880, 881 (Mo.App., E.D.1989).

The Missouri Supreme Court recently held that, absent a timely appeal or an unruled motion for a new trial, the judgment in a dissolution of marriage case becomes final thirty days after rendition. *Lacher v. Lacher*, 785 S.W.2d 78, 81 (Mo. banc 1990). Once the judgment becomes final, the trial court no longer has the authority to proceed. *Id.* To allow parties to hold open the jurisdiction of the trial court would be to permit circumvention of RSMo § 452.370 (1986) which requires that maintenance be modified only after a finding that a substantial change of circumstances has occurred. *Lacher*, at 81. The decree of legal separation, therefore, became final on August 1, 1987. The April 4, 1988 order was, thus, entered without jurisdiction and was not a valid order. In light of this, that portion of the dissolution decree awarding husband twenty four hundred dollars should be reversed and remanded for further proceedings.

REINHARD and CRIST, JJ., concur.