Stephen MEDVICK, Appellant,

v.

CITY OF UNIVERSITY CITY, MISSOURI; Frank Ollendorff, City Manager of University City, Appellees.

No. 92–3450.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1993.

Decided June 15, 1993.

Alan G. Kimbrell, St. Louis, MO, argued, for appellant.

Richard Greenberg, Clayton, MO, argued (Shulamith Simon, on the brief), for appellee.

Before FAGG, Circuit Judge, PECK,* Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

The City of University City (City) discharged Stephen Medvick, a city mechanic, for using abusive language in violation of a city work rule. After unsuccessfully challenging the constitutionality of the work rule in state court, *see Medvick v. Ollendorff,* 772 S.W.2d 696 (Mo.Ct.App.1989), *cert. denied,* 493 U.S. 1071, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990), Medvick brought this 42 U.S.C. § 1983 action against the City and the City's manager, Frank Ollendorff, claiming the discharge violated his due process and freedom of speech rights. The district court granted the City and Ollendorff summary judgment on the ground of res judicata (claim preclu-

---

* The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

sion) because Medvick raised the identical constitutional claims against the same parties and lost on the merits in his state court action. *See* 28 U.S.C. § 1738 (1988). Medvick appeals and we affirm.

 Under § 1738, a state court judgment is entitled to the same full faith and credit in a federal court as the judgment is given by state law. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–416, 66 L.Ed.2d 308 (1980). Because Missouri recognizes the doctrine of res judicata, a federal court presented with a § 1983 action in Missouri must apply the doctrine to give preclusive effect to a Missouri court judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 895–898, 79 L.Ed.2d 56 (1984); *Allen*, 449 U.S. at 96–98, 101 S.Ct. at 415–417. In this case, Medvick's § 1983 complaint involves the same cause of action, parties, and relief as his earlier state court lawsuit. Thus, we agree with the district court that Medvick's § 1983 action is barred by res judicata. *See State ex rel. Tinnon v. Mueller*, 846 S.W.2d 752, 758 (Mo.Ct.App.1993) (listing res judicata elements).

Medvick does not dispute that his federal and state actions are identical, but contends an intervening change in the law prevents the application of res judicata to his § 1983 action. We disagree. Although Missouri recognizes that an intervening change in the law may prevent the application of collateral estoppel (issue preclusion), *Missouri Real Estate Comm'n v. Carr*, 695 S.W.2d 169, 170 (Mo.Ct.App.1985), no similar exception exists for the doctrine of res judicata (claim preclusion), *Snyder v. Snyder*, 788 S.W.2d 339, 341–42 (Mo.Ct.App.1990). Here, because res judicata precludes Medvick's § 1983 action, any intervening change in the law is irrelevant. *See Snyder*, 788 S.W.2d at 342; *Estate of Egan v. Commissioner*, 260 F.2d 779, 785 (8th Cir.1958).

Medvick also contends the work rule he violated is facially unconstitutional, and thus, the full faith and credit requirements of § 1738 do not apply to his § 1983 action. According to Medvick, § 1983 actions claiming facial unconstitutionality are an exception to the application of § 1738 under *Allen*. The Supreme Court, however, held just the opposite in *Allen*. "[N]othing in the language of § 1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion or to repeal the express statutory requirements of the predecessor of 28 U.S.C. § 1738.... Section 1983 creates a new federal cause of action. It says nothing about the preclusive effect of state-court judgments." *Allen*, 449 U.S. at 97–98, 101 S.Ct. at 416–417; *see also Migra*, 465 U.S. at 80–85, 104 S.Ct. at 895–898. Thus, even if the work rule is facially unconstitutional, § 1738 applies to Medvick's § 1983 action.

Accordingly, we affirm.