### Joe Willie BUCKLEY, Petitioner/Respondent,

v.

### Betty Jean BUCKLEY, Respondent/Appellant.

### No. 65828.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 20, 1994.

Irving L. Cooper, Clayton, for appellant.

Gary H. Lange, St. Louis, for respondent.

CRAHAN, Judge.

Mother appeals from the trial court's order terminating child support based on a finding that the child was emancipated. We reverse.

The marriage of Joe Willie Buckley ("Father") and Betty Jean Buckley ("Mother") was dissolved by a decree of dissolution on November 18, 1987. Custody of the one minor child born of the marriage, Jason Alexander Buckley ("Son"), was awarded to Mother. Pursuant to the terms of the decree, Father was ordered to pay $200 per month as child support for Son.

Subsequently, Mother filed a Motion to Modify seeking to increase the amount of monthly child support. On March 23, 1993, a hearing on the matter was held before Judge Samuel J. Hais. Mother testified regarding her income and expenses, as well as Son's current expenses and those anticipated as a result of his upcoming attendance at the Naval Academy Preparatory School ("NAPS").

The record reveals that NAPS is a ten-month preparatory program for admission into the Naval Academy. It is similar to a junior college in that basic college courses are taught, but it includes military indoctrination as well. It was established at the

hearing that Son had already been accepted at NAPS and that both Mother and Father, as well as Son, anticipated his attendance there after his graduation from high school in June 1993, as well as his attendance at the Naval Academy upon successful completion of the program.

Father testified at the hearing that he had phoned the Naval Academy recruiter directly and spoke with him regarding Son's attendance at NAPS and his rights and responsibilities while there. Father testified that, as a condition of attending NAPS, Son would be enlisted in the military as a reservist for a three year obligation [1] and ordered to ten months active duty for attendance at NAPS. Upon successful completion of the NAPS program, Son would be guaranteed acceptance at the Naval Academy if he still desired to enroll there. Father also inquired about the salary Son would receive and costs involved with NAPS and testified to those at the hearing. Son also testified at the hearing regarding his attendance at NAPS and the procedures and consequences that followed from his enrollment therein.

At the conclusion of the hearing, Judge Hais granted Mother's motion and entered an order requiring Father to pay the increased sum of $500 per month retroactive to December 18, 1992. The order provided, however, that during the time Son was attending college away from home, this amount would be reduced to $250 per month. Exhibit 1, attached to the modification order and incorporated by reference therein, provided that Mother and Father were each responsible for one-half of the cost each year for Son to attend a post-secondary college, university or vocational/technical school. It further expressly stated that this provision "shall apply to the Naval Academy at Annapolis, Maryland and shall also apply to the Naval Academy Preparatory School, at Newport, Rhode Island." Neither party appealed from this order.

As anticipated, Son graduated from high school on June 6, 1993, and as required per his enrollment at NAPS, enlisted in the Unit-ed States Naval Reserve. In July, 1993, Son was ordered to active military service for 36 months, but was ordered to report for duty at NAPS.

On August 10, 1993, Father filed a Motion for Emancipation of Child and Termination of Child Support Order. In this motion, Father alleged that a "continued and substantial change of circumstances" had occurred which warranted termination of child support. He alleged that Son was now emancipated due to his enlistment in the military. In her Amended Answer to the motion, Mother denied that any change of circumstances had occurred and further raised the affirmative defense of collateral estoppel, arguing that Son's attendance at NAPS and the subsequent consequences thereof had been previously litigated at the March 1993 modification hearing.

On January 4, 1994, a hearing on Father's motion was held before Judge Whittington. Mother again raised the defense of collateral estoppel. On February 8, 1994, Judge Whittington granted the motion terminating child support and found that Son was emancipated due to his attainment of age 18, his completion of high school, and his engagement in military service. This appeal followed.

■ Our review of an order modifying child support obligations is limited to determining whether the order is supported by substantial evidence, or is against the weight of the evidence, or erroneously declares or applies the law. *Sparks v. Trantham*, 814 S.W.2d 621, 624 (Mo.App.1991).

■ The dispositive issue raised by Mother's appeal is whether Father's motion to terminate child support by reason of Son's alleged emancipation is barred by collateral estoppel. Collateral estoppel, also referred to as issue preclusion, precludes the same parties from relitigating issues previously adjudicated. *Vinson v. Vinson*, 725 S.W.2d 121, 123 (Mo.App.1987). Collateral estoppel applies if four conditions are met: 1) the issue decided in the prior adjudication must be identical to the issue in the present action;

---

1. Expert testimony offered at the January, 1994 hearing indicated that an "annex" to Son's enlistment entitled him to resign without further obligation at any point during his attendance at NAPS or the first two years of attendance at the Naval Academy.

2) the prior adjudication must have resulted in a judgment on the merits; 3) the party against whom collateral estoppel is asserted must have been a party or one in privity with a party to the prior adjudication; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity in the prior adjudication to litigate the issues. *Vinson,* 725 S.W.2d at 124; *Oates v. Safeco Insurance Co.,* 583 S.W.2d 713, 719 (Mo. banc 1979). All four requirements are met here.

■ Contrary to Father's contention on appeal, the transcript of the March 23, 1993 hearing establishes that the issue of whether Son's anticipated enlistment in the military for the purpose of attending NAPS and the Naval Academy would result in his emancipation was squarely before Judge Hais. As reflected in the following passages, Judge Hais expressly acknowledged Father's contention that child support should be terminated and that the issue was whether Son's attendance at NAPS and/or the Naval Academy would result in his emancipation:

THE COURT: Am I understanding correctly that *although,* Mr. Lange [Father's counsel], *your position is that child support ought to terminate,* that if there is a child support obligation that's determined to be due and owing, it is $538.00 based on the income? (emphasis added).

MR. LANGE: No, we're going to submit our own forms.

Later, in response to a suggestion from Father's counsel that the parties obtain exact figures as to the amount of pay Son would receive at the Naval Academy and/or NAPS, the court replied:

THE COURT: I still don't follow what the necessity is for determining what that's going to be. I think the only question in this case, well, I'm sure not the only question but the only question absent this one issue that I never have seen or heard raised before about whether service academies are any different than any other college in terms of the effect on the emancipation or lack of emancipation.....

Further, at the conclusion of the evidence, Father's counsel again raised the issue of Son's required enlistment:

MR. LANGE: First of all, your honor, I think if he goes to this NAPS that he's talking about going, I think the article that you have there in front of you indicates that he would have to join the Naval Reserves, be sworn in, and he'd become an enlisted man just as any other person who joins the Navy would and he has a period of ten months. Instead of going in and signing up for a three year hitch, he just signs up for a three year reserves and ten months of active duty prior to going into the Navy Academy, so it really is in the regular military service when he joins NAPS....

■ Father's argument that Son's emancipation was not adequately addressed in the first hearing due to the inclusion of the issue of the possible amount of child support is without merit. In child support proceedings, fact findings are deemed to have been made in accordance with the result reached. *Jamison v. Jamison,* 845 S.W.2d 133, 136 (Mo. App.1993). Inherent in the court's order expressly stating that NAPS would be considered a college for purposes of apportioning the expenses associated therewith was a finding that Son would not be considered emancipated by his attendance at such institution. Thus, the issue of Son's emancipation was clearly a subject matter of the first modification hearing and the first requirement of collateral estoppel was met.

■ There is no dispute that Judge Hais' order was a judgment on the merits and that Father and Mother were parties to the proceeding. Father maintains, however, that the fourth factor, a full and fair opportunity to litigate the issue, was not satisfied because "only on the second hearing was the issue of emancipation fully developed and dwelled into with expert testimony and official documents entered into evidence." This contention misperceives the nature of the fourth factor required for collateral estoppel. The issue is not whether the party to the prior proceeding offered all of the evidence it proposes to offer in the second proceeding. The issue is whether the party had an *opportunity* to do so. There is nothing in Father's evidence submitted to Judge Whittington

that was not fully ascertainable at the time of the hearing before Judge Hais. Furthermore, as the foregoing passages from the transcript reflect, the key fact relied upon by Father as the basis for Son's emancipation, his enlistment in the military as a condition of attending NAPS and the Naval Academy, was not disputed and was known to Judge Hais at the time he rendered his decision.

■ As indicated earlier, neither party appealed Judge Hais' order. Thus, it became final thirty days after its rendition. *Snyder v. Snyder*, 788 S.W.2d 339, 342 (Mo. App.1990). As such, it was subject to modification only upon a showing of a change in circumstances so substantial and continuing as to make the terms unreasonable. § 452.370.1 RSMo Cum.Supp.1993. Here, the only change in circumstance alleged by Father was Son's enlistment in the military in July, 1993. This is not a change in circumstances because it is a circumstance expressly contemplated and provided for in Judge Hais' order. Where a decree expressly contemplates and provides for what is to occur upon a stated contingency, parties are not entitled to relitigate the issue when the anticipated contingency occurs.

■ Finally, although it was not cited by either party, we acknowledge the recent holding of the Southern District upholding a trial court's determination that a child's attendance at a military academy constitutes emancipation on the ground that such attendance is inconsistent with parental control. *See Porath v. McVey*, 884 S.W.2d 692 (Mo. App.1994). That decision is not relevant to our determination here. Whether a prior judgment is legally correct is not at issue in applying the doctrine of collateral estoppel. *Reynolds v. Tinsley*, 612 S.W.2d 828, 830 (Mo.App.1981). The purposes of collateral estoppel are to relieve the parties of the cost and vexation of multiple litigation, to conserve judicial resources, and to encourage reliance on adjudication by avoidance of inconsistent judicial decisions. *Snyder*, 788 S.W.2d at 341. These purposes are not served by permitting relitigation based on changes (if it is a change) in legislative or decisional law. *See id.* Father had the opportunity to contest the correctness of Judge Hais' decision by appeal and elected not to do so. Having foregone this opportunity, he cannot now relitigate the issue before a different judge. Accordingly, we need not reach or decide the issue of whether attendance at NAPS or the Naval Academy supports a finding of emancipation.

The judgment terminating child support is reversed. Pursuant to Rule 84.14, Father's motion is dismissed and the decree of dissolution as modified on March 23, 1993 is reinstated.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.